45561.   HARDEN et al. v. CLARKE et al.
45562.   HARDEN et al. v. MORRIS et al.

Argued September 8, 1970—Decided December 4, 1970—
Rehearing denied December 18, 1970—Cert. applied for.

144

*Sharpe, Sharpe, Hartley & Newton, W. Ward Newton,* for appellants.

*Alvin L. Layne,* for appellees.

BELL, Chief Judge. ■ The stipulation and agreement of settlement that the plaintiffs' injuries did not arise out of and in the course of their employment and were not compensable under the Workmen's Compensation Act, was approved by the board and apparently no appeal was taken from this award. The time for appeal having passed, the award denying compensation is res judicata. *Complete Auto Transit, Inc. v. Davis,* 101 Ga. App. 849 (1) (115 SE2d 482). If compensation is denied because of no coverage under the compensation law, the employee may maintain an ordinary action for damages against his employer. *Covington v. Berkeley Granite Corp.,* 182 Ga. 235 (184 SE 871); *Bishop v. Weems,* 118 Ga. App. 180, 181 (162 SE2d 879). Therefore, the award will not bar the plaintiffs and the judge's order striking the defense setting up the award in bar of these suits was correct. What effect then do the instruments which are entitled "Covenants Not to Sue or Appeal" have upon these suits? Defendants argue that the execution of these instruments operated as releases so as to settle their entire cases against these defendants, as a release of one joint tortfeasor will release all joint tortfeasors. *Pennsylvania Threshermen &c. Ins. Co. v. Hill,* 113 Ga. App. 283 (148 SE2d 83). The instruments, however, were covenants not to sue. By their terms they cannot be construed to operate as releases for these documents clearly show that the plaintiffs did not intend to surrender their causes of action against the defendant Lyons, the employer. *Harmon v. Givens,* 88 Ga. App. 629 (77 SE2d 223). This appears obvious from the provision that "It is expressly understood and agreed that this covenant is a covenant not to sue

under the Workmen's Compensation Act. It is not an agreement to refrain from suing Lyons Manufacturing Company for causes of action insured by insurance companies other than Lumbermen's Mutual Casualty Company." By the terms of the agreements the workmen's compensation insurer of defendant Lyons and on Lyons' behalf, was attempting to "buy peace" with respect to plaintiffs' claims under the Act. Whether these instruments would have any validity to defeat further efforts of plaintiffs to controvert the award of the board is a question that is not before us. Whether valid or invalid the covenants not to sue were designed only to apply to plaintiffs' remedies under the Workmen's Compensation Act and nothing else.

The provisions of Section 1 of the Act approved April 17, 1963 (Ga. L. 1963, p. 643; *Code Ann.* § 56-408.1) have no application to these covenants. This statute concerns the manner in which liability insurers settle claims when the policy provides that the insurer has the right to compromise or settle claims of third persons against the insured without the consent of the insured and provides that if third persons (plaintiffs here) are informed in writing by the insurer that the insured (defendant Lyons) has not consented to any compromise or settlement and executes a release, covenant not to sue, or other instrument in settlement of their claims, the same shall be a bar to further assertion of their claims by the third persons against all parties. This statute expressly pertains to liability insurers. We need not decide its applicability to a workmen's compensation insurer, for the statute cannot apply here in any event as there is no showing of any lack of consent of the insured to the compromise or settlement contained in the covenants. Therefore, it was not error to strike the defenses pleading the covenants in bar of these actions or to deny the motions to dismiss or for summary judgment on these grounds. Whether the defendants may plead and prove the money paid to plaintiffs in consideration of their covenants in mitigation of damages is an issue not raised by the pleadings or passed upon by the trial court, though now argued in defendants' brief. This issue is not properly before us. *Phillips v. State Farm Mut. Auto Ins. Co.,* 121 Ga. App. 342 (173 SE2d 723).

As to plaintiffs' cases, defendants are not entitled to summary

judgment. Defendant Lyons whose alleged liability to the plaintiffs is premised on the doctrine of respondeat superior urges that the workmen's compensation award is also a final judicial determination that Harden was not within the scope of his employment at the time of the automobile accident and therefore they are not liable for his alleged tortious conduct. This contention has no merit. Harden was not a party to the stipulation and award. The award's legal effect was an exclusive determination that plaintiffs were not in the course of their employment when injured in Harden's automobile and that is all. It made no determination that defendant Harden was or was not in the course of his employment. It is further argued that the affidavits of Harden and Lyons' plant manager show that Harden was not authorized by his employer to provide transportation for an injured fellow employee in his private car and that at the time of the occurrence he was acting on his own initiative and was nothing more than a volunteer. In order for an act of a servant to be within the scope of his employment, it is not necessary that what he does be expressly authorized. *Atlanta Hub Co. v. Jones,* 47 Ga. App. 778 (171 SE 470). The test to be applied is whether the act of the servant is done in connection with the master's business and for the purpose of promoting the master's interest. *American Oil Co. v. McCluskey,* 119 Ga. App. 475, 477 (167 SE2d 711). Defendant Lyons' evidence is insufficient to pierce the allegation that Harden was within the scope of his employment. We cannot say as a matter of law that the circumstances which may have motivated Harden to place another employee, injured while at work, in his private automobile to seek needed medical attention was Harden's own act and not in furtherance of his employer's business and interest. This question has not been eliminated from the case.

It has been conceded that plaintiffs were guest passengers in the Harden vehicle. It is contended that the only evidence of negligence of Harden is that he was exceeding the speed limit of 35 miles per hour at the place of the accident. The evidence as to speed is in sharp dispute. Harden testified that he was traveling between 30 and 40 miles per hour. There is other evidence that he was driving at approximately 60 miles per hour. The accident occurred near the middle of the City of Lyons. While speeding alone

may not necessarily amount to gross negligence, the degree of negligence required to hold the host liable, an automobile can be operated at greatly excessive and dangerous speed under circumstances so as to present a jury question as to whether the driver is grossly negligent. *Moore v. Bryan,* 52 Ga. App. 272, 282 (183 SE 117). Traveling at 60 miles per hour near the heart of a town presents a factual situation upon which there may be a difference of opinion between reasonable men as to whether it amounts to gross negligence. Thus a jury question is presented. *Wood v. Olson,* 104 Ga. App. 321 (121 SE2d 677); *Wright v. Lail,* 105 Ga. App. 261, 265 (124 SE2d 487).

■ Plaintiff submitted written interrogatories to defendant Foskey. After answering the other defendants moved to "strike and expunge" her answers which was denied. The rules on Depositions and Discovery found in Sections 26 through 37 of the Civil Practice Act (*Code Ann.* §§ 81A-126—81A-137) contain no provision for the striking of answers to interrogatories prior to tender in evidence at trial. As there is no basis under the statute for the striking of these answers, it presents nothing for consideration. On this point, defendants' remedy is to object to the admissibility of the answers to the interrogatories if and when they are ever offered in evidence at the time of the trial. See *Code Ann.* §§ 81A-126 (d), 81A-133.

*Judgments affirmed. Quillian and Whitman, JJ., concur.*