47428. TERMINAL TRANSPORT COMPANY, INC.
v. BURGER CHEF SYSTEMS, INC. et al.

EVANS, Judge. Burger Chef Systems, Inc. sued the Freezie Corporation, Terminal Transport Co., Inc. and Arrow Bonded Warehouse, Inc. in an action containing seven counts. Count 1 against Freezie sought judgment for equipment conveyed and for attorney fees and other expenses of litigation for being stubbornly litigious and acting in bad faith in refusing to pay. The other counts seek damages sustained by the plaintiff as a result of the allegedly improper delivery of certain machines to the defendant Freezie by the common carriers. It is alleged that Freezie is now bankrupt.

Plaintiff was in the process of taking discovery depositions of certain officers and agents of Terminal, at which defendant Arrow was present, and represented by an attorney. After commencement of the deposition of one Charles David Medley, counsel for Terminal, terminated the proceedings and refused to allow the discovery depositions to continue, stating as follows: "Mr. Clokey: 'I'm going to object. We are going to terminate this thing right now. This is a fishing expedition. Any further depositions you will want will be done by court order at the courthouse.' Mr. Kidd: 'I don't understand what you are talking about.' Mr. Clokey: 'That's all. We have terminated this fishing expedition. Any other fishing expedi-

tions will be done at the courthouse. You may note that I terminated it and directed my witness to withdraw and state for the record that any further deposing done by employees of Terminal Transport will be done at the direction of the court.'" (R-132). No protective order was requested by Terminal.

Plaintiff moved for sanctions, contending the termination of the discovery depositions was made without justification and was wilful and constituted a failure to appear before an officer authorized to take the depositions pursuant to *Code Ann.* § 81A-137 (d), and that the matters of inquiry fell squarely within the scope of discovery examination under *Code Ann.* § 81A-126 (b). Plaintiff requested the court to strike the answer of Terminal and enter judgment by default. Plaintiff also sought reasonable expenses, including attorneys' fees, for the unjustified and wilful termination of the deposition. Thereafter, defendant Arrow filed its motion for sanctions against defendant Terminal, requesting the court to enter default judgment against Terminal in favor of Arrow on its cross claim because of the withdrawal and termination of the discovery deposition, and alleging that Arrow's officials from out of state were present when Terminal unjustifiably terminated the Medley deposition. Arrow likewise requested reasonable attorney fees and other expenses or, as an alternative, that an order be entered requiring Terminal to submit to discovery. The court, after hearing, denied the motions of plaintiff Burger Chef and defendant Arrow for judgment by default against defendant Terminal but required it to pay certain sums of money as attorney fees to each plaintiff and other expenses arising out of the termination of the discovery deposition, and required it to submit its agents and employees for deposition at a time certain, and to have available at said deposition all documents of any nature as requested by Burger Chef and Arrow. *Held:*

The court denied the motions for default judgment but required the payment of certain costs of litigation, includ-

ing attorney fees and travel expense. The judgment is not final, and there is no certificate for immediate review in this case. See *Mize v. Rampey,* 224 Ga. 806 (164 SE2d 816. Compare *Harden v. Clarke,* 123 Ga. App. 142 (179 SE2d 667); *Johnson v. O'Donnell,* 123 Ga. App. 375 (181 SE2d 291).

*Appeal dismissed. Bell, C. J., and Stolz, J., concur.*
SUBMITTED SEPTEMBER 6, 1972—DECIDED NOVEMBER 14, 1972.

*Harold H. Clokey,* for appellant.

*Weltner, Kidd & Crumbley, Charles M. Kidd, McClain, Mellen, Bowling & Hickman, A. O. Bracey, III,* for appellees.