49386, 49387. WESTINGHOUSE ELECTRIC
CORPORATION v. SCOTT (two cases).

EBERHARDT, Presiding Judge.

These companion cases both present the same issue: was defendant Westinghouse's employee acting in the scope of his employment at the time of his alleged negligence?

The material facts from the depositions and affidavits of parties and witnesses are as follows: In December, 1972, a Westinghouse employee, Marvin Ginn, volunteered for and was transferred from his position as senior foreman in a Westinghouse plant in Hampton, South Carolina, to a new position of salesman. His territory for sales was to be Georgia, Alabama, Southern Mississippi, and the northern part of Florida. Having a choice of several cities in the territory in which to live, he chose Valdosta, Georgia, because of its central location. Westinghouse paid for all of Ginn's moving expenses, including moving household goods, buying his old home, baby sitting and kennel bills, but not expenses for his personal car. Westinghouse also provided Ginn with a company car for use in traveling over the assigned territory which he was to take with him to Valdosta. He was not given a specific time to move to Valdosta, but did have a business customer to see in Marianna, Florida on February 6, 1973, and decided to move his family on February 1, 1973, in conjunction with his children's school semester, and to enable him to get settled in before starting work in the new territory. He drove his personal car and his wife followed driving the company car. At a point en route between Hampton and Valdosta Ginn lost control of his car and collided with another vehicle in which plaintiff's child (Case No. 49386) and plaintiff's husband (Case No. 49387) were killed. The company car operated by Mrs. Ginn was not involved in the collision. Ginn was being paid full salary during this time. However, he had not been assigned any customers to see

along the way to Valdosta, and in fact did not see any. He was free to choose his mode of transportation, the route and time of travel in moving to the site of his selection.

Westinghouse moved for a summary judgment on the grounds that there was no genuine issue of fact that Ginn was not its servant at the time of the accident and there was therefore no vicarious liability under the doctrine of respondeat superior. The motion was denied and certified for appeal.

In considering the evidence on motion for summary judgment we are required to give the benefit of all reasonable doubts in determining whether a genuine issue exists to the party opposing the motion (plaintiff here). *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442). Summary judgment is appropriate when the evidence, so construed, shows that the plaintiff cannot recover from the defendant movant. *Price v. Star Service & Petroleum Corp.,* 119 Ga. App. 171 (2) (166 SE2d 593). The question of whether a servant by whose act another is injured was acting within the scope of his employment is ordinarily one to be determined by a jury; but if the facts are so clear that only one conclusion can reasonably be reached, the court may decide it as a matter of law and enter a summary judgment. *Columbia Drug Co. v. Cook,* 127 Ga. App. 490 (194 SE2d 286); *Don Swann Sales v. Carswell,* 124 Ga. App. 141 (183 SE2d 218); *Corum v. Edwards-Warren Tire Co.,* 110 Ga. App. 33 (137 SE2d 738).

The test of scope of employment is not whether the negligent act occurred during the existence of employment but whether it was done while the employee was conducting a transaction in the course of and that was accomplishing the ends of his employment. *Marketing Sales Industries of Ga. v. Roberts,* 118 Ga. App. 718 (165 SE2d 319); *Gomez v. Great Atlantic & Pacific Tea. Co.,* 48 Ga. App. 398 (3) (172 SE 750).

Georgia cases have generally held that " . . . ordinarily an employee who is on his way to work is not acting within the scope of his employment as he has not yet commenced to attend to the business of his employer." *Lewis v. Miller Peanut Co.,* 77 Ga. App. 380,

384 (49 SE2d 221). *Stenger v. Mitchell,* 70 Ga. App. 563 (28 SE2d 885); *Elrod v. Anchor Duck Mills,* 50 Ga. App. 531 (179 SE 188). While this rule has usually been applied to cases where the going to and from work was a part of the employee's daily routine, the rationale, a fortiori, applies to the case at hand. "Where the travel was between assignments of some permanence, at widely separated geographical points, it has usually been held that the employee was not acting for his employer in traveling." 52 ALR2d 325.

The facts in this case indicate that the trip of Ginn and his family was personal in nature and not in the furtherance of his employer's business, though the employer might, in some sense, benefit therefrom.

It was only *after* Ginn had moved his family into a home in Valdosta, established his household, registered his children in school and taken care of other personal matters, and then, six days later, commenced his business trip to Marianna, Florida, that he could be said to have begun to further his employer's business, and to act within the scope thereof. The facts even in their most favorable light do not support plaintiff's contention that Ginn was en route to call on a customer in Marianna at the time of the accident.

In reaching this conclusion we distinguish the case of Hinson v. United States, 156 FSupp. 831, rev'd 257 F2d 178, though in any event we are not bound by it. *Dodd v. Newton,* 122 Ga. App. 720, 723 (178 SE2d 567). That case dealt with an army officer involved in an accident en route to his duty assignment. The court emphasized the fact that at the time of the accident the officer was acting pursuant to *orders* of his employer (the United States) to report to a certain place by a certain date with concomitant "special factors characteristic of military activity and discipline." He was "performing a specific duty which had been assigned to him — to travel to Fort Sam Houston." That is not the situation here and these cases are controlled by the rule that in order to hold the master liable it must be shown that at the time in question the servant "was engaged in the master's business and not upon some private and personal matter of his own." *Fielder v. Davison,* 139 Ga. 509 (5) (77 SE 618);

*Price v. Star Service & Petroleum Corp.,* 119 Ga. App. 171, supra; *Sparks v. Buffalo Cab Co.,* 113 Ga. App. 528, 529 (148 SE2d 919); *Wilson v. Quick-Tire Service,* 32 Ga. App. 310, 311 (123 SE 733).

*Judgments reversed. Deen and Stolz, JJ., concur.*

ARGUED MAY 29, 1974 — DECIDED JUNE 28, 1974.

*Tillman, Brice, McTier & Coleman, George T. Talley, George Newbern,* for appellant.

*Gibbs & Leaphart, J. Alvin Leaphart,* for appellees.