## 50207. ELAM v. INSURANCE COMPANY OF NORTH AMERICA.

STOLZ, Judge.

" 'As a general rule, a servant in going to and from his work in an automobile acts only for his own purposes and not for those of his employer, and consequently the employer is not to be held to be liable for an injury occasioned while the servant is en route to or from his work. 5 Blashfield's Cyclopedia of Automobile Law and Practice, 196, § 3041. In this connection see *Elrod v. Anchor Duck Mills,* 50 Ga. App. 531, 533 (179 SE 188); *U. S. Casualty Co. v. Scott,* 51 Ga. App. 115 (179 SE 640); *Welsh v. Aetna Casualty & Surety Co.,* 61 Ga. App. 635 (7 SE2d 85).' *Stenger v. Mitchell,* 70 Ga. App. 563, 566 (28 SE2d 885). See also *Chattanooga Publishing Co. v. Fulton,* 215 Ga. 880 (114 SE2d 138); *Ingram v. Life Ins. Co. of Virginia,* 111 Ga. App. 599 (142 SE2d 334)." *Stewart v. Roberts,* 132 Ga. App. 700, 701 (209 SE2d 119).

In the present action of the above nature, the trial judge did not err in granting summary judgment to the defendant employer where the only showing contended to prove that the employee, driving his own automobile home from work, was acting within the scope of his employment, was that he was taking some of his employer's papers and work home with him to work on them at home, as he had done for the past several nights,

at the time of the collision. Even if the employee be considered "at work" when he reached his home where he worked on his employer's business, at most he was still only "en route to or from his work" at the time of the collision under the above authorities, there being no showing that he was in continuous employment, as a traveling salesman. See *Welsh v. Aetna Casualty & Surety Co.,* 61 Ga. App. 635, 636, supra.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

Submitted February 10, 1975 — Decided March 5, 1975.

*E. Graydon Shuford,* for appellant.
*Long, Weinberg, Ansley & Wheeler, John E. Talmadge,* for appellee.