68793, 68794. HEALTHDYNE, INC. v. ODOM (two cases).
(325 SE2d 847)

SOGNIER, Judge.

William and Martha Odom brought these actions against Kenneth Lee Bucher and Bucher's employer, Healthdyne, Inc. (Healthdyne), for personal injuries resulting from a collision between their car and a car driven by Bucher. The Odoms alleged that Bucher was negligently driving while under the influence of alcohol. The Odoms based their claims for relief against Healthdyne upon a theory of respondeat superior. Healthdyne appeals from the trial court's denial of its motions for summary judgment.

Appellant contends that the trial court erred by denying its motions for summary judgment because the evidence established that Bucher was not acting within the scope of his employment and on his employer's business at the time he collided with appellees.

1. "The general rule of respondeat superior follows: When a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was at the time of the injury acting within the scope of his employment and on the business of the master. [Cits.]" *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 777 (257 SE2d 186) (1979). Bucher was employed by appellant as a purchasing agent. The collision occurred at approximately 9:00 p.m. after Bucher left a meeting at a restaurant with a co-worker and a prospective vendor. As proof that Bucher was within the scope of his employment and on appellant's business, appellees rely on the fact that appellant required Bucher to entertain prospective vendors after normal working hours on a regular basis and that it was during the business meeting that Bucher consumed approximately four mixed drinks which appellees allege were the source of Bucher's inebriated driving. Appellees also place significance on the fact that subsequent to the meeting, appellant entered into business transactions with the employer of the prospective vendor, perhaps arising out of discussions which took place at that meeting. The evidence was uncontroverted that at the time of the collision Bucher was on his way home.

" ' "As a general rule, a servant in going to and from his work in an automobile acts only for his own purposes and not for those of his employer, and consequently the employer is not to be held to be liable for an injury occasioned while the servant is en route to or from his work. [Cits.]" ' " *Elam v. Ins. Co. of North America*, 134 Ga. App. 169 (213 SE2d 546) (1975). The cases appellees rely on are all distinguishable from the instant case in that the employees in question were traveling to call on business prospects or for other business purposes on behalf of their employers. Appellees have failed to produce any evidence that Bucher was acting in furtherance of his employer's business at the time of the collision. Even in cases involving on-call

employees driving company cars, such employees are not within the scope of their employment when involved in collisions while on purely personal missions. *Evans v. Dixie Fasteners, Inc.*, 162 Ga. App. 74 (290 SE2d 172) (1982). There being no genuine issue of fact as to whether Bucher was acting within the scope of his employment or on the business of his employer at the time of the collision, the trial court erred by denying appellant's motion for summary judgment. See generally *Evans v. Dixie Fasteners, Inc.*, supra; *Elam v. Ins. Co. of North America*, supra; *Allen Kane's Major Dodge v. Barnes*, supra; *Short v. Miller*, 166 Ga. App. 265 (304 SE2d 434) (1983).

2. Appellees argue that a fact issue exists as to whether appellant ratified the conduct of Bucher in becoming inebriated. An act cannot be subject to ratification unless done for and on behalf of the person adopting it and attempting to ratify it. *Regional Pacesetters v. Halpern Enterprises*, 165 Ga. App. 777, 781 (300 SE2d 180) (1983). Appellant's approval and sanctioning of Bucher's entertainment of prospective vendors does not constitute evidence that Bucher was in appellant's service when he drove home in an allegedly inebriated state. Even construing the evidence most strongly in favor of appellee as the party opposing the motions for summary judgment, *Hanover Ins. Co. v. Nelson Conveyor &c. Co.*, 159 Ga. App. 13, 14 (282 SE2d 670) (1981), we find no genuine questions of material fact remain and therefore the trial court erred by denying appellant's motion for summary judgment.

*Judgment reversed. Banke, P. J., Birdsong, P. J., Carley and Benham, JJ., concur. McMurray, C. J., Deen, P. J., Pope and Beasley, JJ., dissent.*

DECIDED DECEMBER 5, 1984 —
REHEARING DENIED DECEMBER 20, 1984 — 

*Donald D. Smith*, for appellant.
*Roger M. Johnson, Thomas F. Allgood, Jr., N. Jackson Harris*, for appellees.

DEEN, Presiding Judge, dissenting.
While basically concurring with Chief Judge McMurray's dissent, some additional analysis may clarify the threshold determination of liability of an employer for injuries sustained by a third party in a collision allegedly caused by the negligent intoxication of the employee. In *Chastain v. Litton Systems, Inc.*, 694 F2d 957 (4th Cir. 1982), the court employed essentially a three prong analysis: (1) was the employee's consumption of alcoholic beverage within the scope of employment; (2) was the employee negligent in consuming excessive

alcoholic beverage and becoming intoxicated; and (3) did the employee's negligent intoxication which occurred within the scope of employment continue until the time of the collision and thus constitute the proximate cause of the plaintiff's injuries? (The fact that the employee was on the way home at the time of the collision, without more, would not insulate the employer from liability.) That uncomplicated respondeat superior analysis is cogent and fair, and this court should observe it.

If the answer to any of the above questions is an uncontroverted "no," the employer, of course, would be entitled to summary judgment. In the instant case, however, the evidence certainly was sufficient to make these questions *at least* matters for jury resolution. The trial court thus properly denied the employer's motions for summary judgment. Accordingly, I must respectfully dissent.

I am authorized to state that Judge Beasley joins in this dissent.

McMurray, Chief Judge, dissenting.

The evidence contained in the record presents genuine issues of material fact for jury resolution in regard to whether defendant Bucher consumed excessive alcohol prior to driving home, was driving under the influence of alcohol, or otherwise negligent so as to cause the collision which injured plaintiffs. On appellate review of summary judgment all evidence and ambiguities created thereby must be construed most favorably towards the respondent and against the movant. *North v. Toco Hills, Inc.*, 160 Ga. App. 116, 119 (286 SE2d 346); *Blount v. Seckinger Realty Co.*, 167 Ga. App. 778, 779 (307 SE2d 683).

Construing the evidence in this manner for purposes of appellate review of the grant of summary judgments in favor of defendant Healthdyne, Inc. (and while acknowledging that the genuine issues of material fact presented by the evidence have yet to be resolved by a jury) it appears that a jury will be authorized to determine that: Defendant Bucher (a purchasing agent) was required by his employer to entertain prospective vendors after normal working hours on a regular basis. Such business entertainment was conducted within the scope and course of Bucher's employment. During the course of such an evening defendant Bucher consumed a quantity of alcohol sufficient to result in his being under the influence of alcohol when he undertook to drive home. While driving home under the influence of alcohol Bucher was involved in the collision which injured plaintiffs. The proximate cause of the collision was the negligence of defendant Bucher.

In my view the collision in question could be determined by a jury to be no more than the natural and probable result of negligent actions (such as the imbibing of excessive quantities of alcohol with

knowledge that he would be driving home later in the evening) taken by Bucher in the course of his employment and for the benefit of his employer. Therefore, I respectfully dissent.

The general rule that a servant going to and from his work acts only for his own purposes and not for those of his employer, should not be applied so as to obscure the foreseeable causal connection between defendant Bucher's actions, in the course of his employment, and the injuries to the plaintiffs. If Bucher consumed excessive alcohol during the course of his employment, he did so with the knowledge that later in the evening he would be driving home. Thus, if Bucher started home with his driving ability impaired such may be viewed as an act of negligence; however, such may also be viewed as the natural and probable result of an earlier act of negligence, such as Bucher's alleged excessive consumption of alcohol knowing he would have to drive home. A jury would be authorized to conclude that Bucher's negligence in consuming excessive alcohol (in the course of his business entertaining) began an unbroken and foreseeable chain of events resulting in injury to plaintiffs. "Where a defendant's negligence sets in operation other causal forces which are the direct, natural, and probable consequences of that negligence, he may be held liable for injuries caused by the other forces." *Reid v. Modern Roofing &c. Works*, 89 Ga. App. 285, 286 (79 SE2d 31).

Similar reasoning is expressed in the decision of *Harris v. Trojan Fireworks Co.*, 174 Cal. Rptr. 452, 120 Cal. App3d 157, which I consider to be persuasive. In *Harris*, a wrongful death action, the plaintiff parents appealed the dismissal of their complaint against a company whose employee collided with the vehicle, in which deceased was a passenger. In *Harris* the employee was driving home in an intoxicated condition from the employer's Christmas party. We note that the cases sub judice show even more clearly the business purpose associated with the circumstances under which the employee became intoxicated.

After acknowledging the exemption of employer liability under the "going and coming" rule also at issue in the cases sub judice, the court in *Harris* stated that "[t]he underlying philosophy which holds an employer liable for an employee's negligent acts is the deeply rooted sentiment that a business enterprise should not be able to disclaim responsibility for accidents which may fairly be said to be the result of its activity . . . Thus, we think it can be fairly said that liability attaches where a nexus exists between the employment or the activity which results in an injury that is foreseeable." *Harris v. Trojan Fireworks Co.*, 174 Cal. Rptr. 452, 455, supra. Based on this reasoning and the similar case of *Boynton v. McKales*, 139 Cal. App. 2d 777 (294 P2d 733) (involving an employee driving home intoxicated from a company banquet) the court in *Harris* held that the complaint

stated a claim, "which, if proved, would support a jury's determination that [the employee's] intoxication occurred at the Christmas party and that his attendance at the party as well as his state of intoxication occurred within the scope of his employment. That he would attempt to drive home while still intoxicated and might have an accident was foreseeable . . ." *Harris v. Trojan Fireworks Co.*, 174 Cal. Rptr. 452, 457, supra.

As the jury would be authorized to determine that the proximate cause of plaintiffs' injuries was the negligence of Bucher during the course of his employment and for the benefit of his employer, the doctrine of respondeat superior is applicable to the cases sub judice. I would hold that the trial court did not err in denying the motions for summary judgment of defendant Healthdyne, Inc.

I am authorized to state that Presiding Judge Deen, Judge Pope and Judge Beasley join in this dissent.