## 69875. DOBOZY v. COCHRAN AIRPORT SYSTEMS, INC. et al.
### (330 SE2d 815)

SOGNIER, Judge.

Charles D. Dobozy, as administrator of the estate of Charles P. Dobozy, brought suit against Cochran Airport Systems, Inc. (CAS) and others to recover damages incurred from a collision between the Dobozy automobile and a truck driven by Terry Hayles, a CAS employee. The trial court granted summary judgment in favor of CAS and Dobozy appeals.

Appellee hosted a company picnic for its employees at a private beach facility. At that picnic, appellee's employee Hayles, a minor, was provided alcoholic beverages and he thereby became intoxicated. Hayles was on his way home from the picnic when he collided with the rear of appellant's automobile fatally injuring appellant's decedent.

1. Appellant contends the trial court erred by granting summary judgment to appellee because questions of fact remain whether appellee was liable to appellant under a theory of respondeat superior. "The general rule of respondeat superior follows: When a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was at the time of the injury acting within the scope of his employment and on the business of the master. [Cits.]" *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 777 (257 SE2d 186) (1979). It is uncontroverted that the picnic was not held on appellee's property, that Hayles' presence at the picnic was not a required duty of his employment with appellee, and even if the picnic could be considered part of Hayles' employment, that Hayles was not on call or driving a company vehicle but was instead driving home in a privately owned truck when the accident occurred. " ' "As a general rule, a servant in going to and from his work in an automobile acts only for his own purposes and not for those of his employer, and consequently the employer is not to be held to be liable for an injury occasioned while the servant is en route to or from his work. [Cits.]" ' " *Elam v. Ins. Co. of North America*, 134 Ga. App. 169 (213 SE2d 546) (1975). Appellant failed to produce any evidence that Hayles was acting in furtherance of his employer's business at the time of the collision. Thus, there being no genuine issue of fact whether Hayles was acting within the scope of his employment or on the business of his employer at the time of the collision, the trial court did not err by granting appellee's motion for summary judgment. See *Healthdyne, Inc. v. Odom*, 173 Ga. App. 184 (1) (325 SE2d 847) (1984).

2. Appellant contends the trial court erred by granting summary judgment as a matter of law to appellee on appellant's tort claim because appellee, by providing alcohol to a minor, is liable to one in-

jured by the negligence of the intoxicated minor. We reverse the trial court on the basis that appellee was not entitled to summary judgment as a matter of law, *Sutter v. Hutchings*, 254 Ga. 194 (327 SE2d 716) (1985), and therefore genuine issues of material fact remain on this issue. Id.

*Judgment affirmed in part; reversed in part. Birdsong, P. J., concurs. Carley, J., concurs specially.*

CARLEY, Judge, concurring specially.

I concur with the reversal of the trial court's grant of total summary judgment in favor of appellee CAS and I agree with the basic analysis — but not all of the terminology — contained in both divisions of the majority opinion. I write only to state my understanding of what we have really held and the resulting posture the case will assume upon return to the trial court. In Division 1, the majority concludes by stating "the trial court did not err by *granting appellee's motion for summary judgment.*" (Emphasis supplied.) In Division 2, the majority finds genuine issues of material fact and reverses as to "appellant's *tort* claim." (Emphasis supplied.) Actually, the plaintiff's entire suit sounds in *tort* and initially was based upon two theories. One of these theories — respondeat superior — seeks to impose vicarious liability and based upon *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776 (257 SE2d 186) (1979), we have found that there is no viable basis for imputation of liability against appellee solely because Hayles was an employee of CAS.

The other theory of the same *tort* action — which theory espouses more direct liability — is based upon the act of appellee in providing alcohol to a minor. See *Sutter v. Hutchings*, 254 Ga. 194 (327 SE2d 716) (1985). Therefore, in effect, we are affirming the trial court's grant of partial summary judgment in favor of appellee as to appellant's cause of action based upon the theory of respondeat superior. We are reversing the trial court's grant of summary judgment in favor of appellee as to appellant's cause of action to the extent that the same is predicated upon averments that the injuries of appellant caused by the negligence of the minor resulted from the tortious conduct of appellee in providing alcohol to that minor. *Sutter v. Hutchings*, supra.

DECIDED APRIL 23, 1985.

*James E. Goodman, F. Clay Bush*, for appellant.
*Brady D. Green*, for appellees.