70272. FRED A. YORK, INC. v. MOSS et al.
(335 SE2d 618)

DEEN, Presiding Judge.

Sometime between 4:30 p.m. and 6:00 p.m. on September 7, 1982, an automobile owned by the appellant, Fred A. York, Inc., d/b/a York Pest Control (York), and operated by Bobby Sharpe, an employee of York, collided with the rear of the automobile being driven by the appellee, Vickie Moss. Moss and her husband subsequently commenced this action against Sharpe and York, seeking damages for personal injuries and loss of consortium. York moved for summary judgment on the basis that at the time of the collision Sharpe was off from work and not within the scope of employment, and this interlocutory appeal followed from the trial court's denial of that motion.

It was undisputed that the vehicle driven by Sharpe had York insignia on its sides, and that Sharpe wore a company uniform at the time of the collision. Sharpe was furnished the automobile primarily for the business purpose of going to job sites, but he also used the car as transportation to and from work. Although Sharpe claimed that he also enjoyed some limited personal use of the vehicle when off duty, C. S. Bowman, York's president, emphasized that the company provided Sharpe with the vehicle solely for company use. Bowman also

---

[1] See also *Accent Walls v. Parker*, 162 Ga. App. 633 (1) (292 SE2d 509) (1982).

testified that all employees were instructed to report any accidents involving company cars as soon as possible; Sharpe did call his employer soon after the collision.

Sharpe's usual work hours were 7:30 a.m. to 4:30 p.m., although occasionally he drove the vehicle to call on customers on his way to or from work; however, Sharpe stated unequivocally that at the time of the collision he was off duty and directly on his way home. Sharpe also had use of a "beeper" so that he could be contacted during the work day while away from the office, but he stated that the device was never in use after work. Both Sharpe and Bowman denied that Sharpe was ever "on call" after regular work hours, explaining that emergency situations did not arise with pest control. *Held*:

A presumption arises when an employee is operating his employer's automobile at the time of a collision, that he was acting within the scope of his employment. *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776 (257 SE2d 186) (1979); *Johnstown Fin. Corp. v. Roper*, 170 Ga. App. 575 (317 SE2d 634) (1984); *Massey v. Henderson*, 138 Ga. App. 565 (226 SE2d 750) (1976). On a defendant's motion for summary judgment, however, "[w]hen the uncontradicted testimony of the defendant and/or the employee shows that the employee was not acting within the scope of his employment at the time of the accident, the plaintiff must show, in addition to the facts which give rise to the presumption that he was in the course of his employment, some other fact which indicates the employee was acting within the scope of his employment. If this 'other fact' is *direct* evidence, that is sufficient for the case to go to a jury. However, when the 'other fact' is *circumstantial* evidence, it must be evidence sufficient to support a verdict in order to withstand the defendant's motion for summary judgment." *Allen Kane's Major Dodge v. Barnes*, supra at 780. Circumstantial evidence which is consistent with the defendant's evidence used to rebut the presumption will not support a verdict. Id. at 781.

In the instant case, the testimony of Sharpe and Bowman certainly rebutted the presumption that Sharpe had been within the scope of employment at the time of the collision. In denying York's motion for summary judgment, the trial court emphasized (1) that Sharpe had a beeper in the car at the time of the accident; (2) that there was some conflict between the employer and Sharpe over Sharpe's personal use of the vehicle; (3) that Sharpe occasionally called on customers on his way home in the evening; and (4) that Sharpe may have worked later than his normal work hours. The question of Sharpe's permissive personal use of the vehicle during off-duty hours, however, was immaterial to the issue of whether Sharpe was still within the scope of employment at the time of the collision. Further, while the other circumstantial evidence above may have sup-

ported the inference that Sharpe had been on duty at the time of the collision, it certainly did not demand that finding and was in fact consistent with the testimony of Sharpe and Bowman. Under these circumstances, the appellees failed to meet their burden of proving some other fact that indicated Sharpe acted within the scope of his employment at the time of the collision. Accordingly, the trial court erred in not granting summary judgment for York.

*Judgment reversed. Banke, C. J., Birdsong, P. J., Sognier and Pope, JJ., concur. McMurray, P. J., Carley, Benham, and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent because I believe there is a question of fact with respect to whether Sharpe was within the scope of his employment when the collision occurred.

"The law is clear that in the absence of special circumstances a servant in going to and from work in an automobile acts only for his own purposes and not for those of his employer. But this rule does not apply 'where the vehicle is taken to the employee's home because the employee's possession of it enables him more conveniently to perform some duty for the master.' [Cit.]" *Chappell v. Junior Achievement &c. Atlanta*, 157 Ga. App. 41, 42-43 (276 SE2d 98) (1981).

For the purpose of determining whether activity in which employee is engaged is within the scope of his employment, the test is whether the activity serves in some way to prosecute the employer's business or does some work which will benefit the employer for which the employee is to be compensated. *Massey v. Henderson*, 138 Ga. App. 565, 567 (226 SE2d 750) (1976), aff'd 238 Ga. 217 (232 SE2d 53) (1977). Accord *West Point Pepperell v. Knowles*, 132 Ga. App. 253 (208 SE2d 17) (1974); *Westinghouse Elec. Corp. v. Scott*, 132 Ga. App. 245 (207 SE2d 705) (1974); *Harden v. Clarke*, 123 Ga. App. 142 (179 SE2d 667) (1970). See also *Grant v. Jones*, 168 Ga. App. 690, 691 (310 SE2d 272) (1983). " 'The expressions, "in the scope of his business," or "in the scope of his employment," or similar words, have sometimes been given too narrow a meaning. A master rarely commands a servant to be negligent, or employs him with the expectation that he will commit a negligent or wilful tort; but if the act is done in the prosecution of the master's business, that is, if the servant is at the time engaged in serving the master, the latter will be liable . . .' " *Southern Grocery Stores v. Herring*, 63 Ga. App. 267, 270 (11 SE2d 57) (1940).

Here there is testimony by the company president that the vehicle could be used "only for company business" and that the vehicle was for "company use and [the employee] can't use it on [his] own . . ." There is no evidence that Sharpe was engaged in a personal er-

rand at the time. Was the employee making solely personal use of the vehicle when he was driving it home from work that day? If he was, the employer is not liable. *Healthdyne, Inc. v. Odom,* 173 Ga. App. 184 (325 SE2d 847) (1984). If he was authorized to drive it home, which is what the uncontradicted evidence is, then there is at least a question of when the "scope of employment" ceased for this employee in the use of the company-owned vehicle. If it ceased when he left the office or the last assignment, then the president's testimony leads to the conclusion that he was operating it without authorization. Yet there is evidence that he was authorized to take it home and that this enabled him to conduct company business on his way to and from home and office. Whether or not the use of the vehicle for transport to and from work was part of Sharpe's compensation is not established.

There is evidence that the use of the company vehicle at the time in question was for the benefit of both the employee and the employer, that is, to serve joint purposes. It was at least advantageous to the employee to be able to use a company vehicle for transport to and from work, even if it was not a formal part of his employment agreement as compensation. Yet it also served the convenience of the employer because the employee could better serve the customers by quicker and more extended service than during regular working hours; the employee became more accessible and more readily available to do the employer's business, and of course, driving the vehicle about with the employer's identification on it served as advertisement. Thus, while at the time of the collision the employee was not strictly and solely on the employer's business as he would be if he were on a service call, nor was he strictly and solely on his own business such as on a personal errand beyond the scope of authority, there is some evidence that he was then using the vehicle partly for the benefit of each of them, with permission. Whether that was within his "scope of employment" depends on what that scope was. Merely using the vehicle with permission would not of course bring it within the scope, as an employer may permit an employee to take a company vehicle to attend to some personal matter. To prevail on summary judgment, the employer must show that there is no factual issue that the employee was outside the scope of his employment at the crucial time, and that has not been done. The rule is that the scope is generally a question of fact. See the discussion of this in *Edwards v. State of Ga.,* 173 Ga. App. 87 (325 SE2d 437) (1984). The rule applies here.

I do not believe the rule quoted by the majority from *Allen Kane's Major Dodge v. Barnes,* 243 Ga. 776 (257 SE2d 186) (1979) is relevant, because the testimony of the defendant is not uncontradicted; it is contradicted by its own witness.

I am authorized to state that Presiding Judge McMurray, Judge

Carley and Judge Benham join in this dissent.

DECIDED SEPTEMBER 3, 1985 —
REHEARING DENIED OCTOBER 7, 1985 —

*M. David Merritt, William S. Sutton*, for appellant.
*Thomas O. Duvall, Jr., David Doverspike, Jerry D. McCumber*, for appellees.