## 72247. WILSON v. McCULLOUGH et al.
### (349 SE2d 751)

BENHAM, Judge.

As appellant Wilson was driving a truck along a road beside the property of appellee McCullough, a tree fell into the road into Wilson's path. The tree had fallen after being pushed by a bulldozer owned by Herndon and operated by Flowers, who was working on land owned by McCullough at the time of the incident. Appellant was injured when his truck struck the tree, and he filed suit against McCullough, Flowers, and Herndon, Flowers' regular employer. This appeal follows the grant of summary judgment to McCullough.

In making its decision, the trial court concluded that Flowers was neither McCullough's employee nor a servant he had borrowed from Herndon, and that if Flowers had a relationship with McCullough, it was as an independent contractor. In his sole enumerated error, appellant maintains summary judgment was inappropriate because a jury question remained as to whether Flowers was an agent, servant, or employee of McCullough.

1. A master is liable for the torts committed by his servant acting within the scope of his employment and on the business of the master. OCGA § 51-2-2; *Dobozy v. Cochran Airport Systems*, 174 Ga. App. 625 (1) (330 SE2d 815) (1985). One may be the servant of two masters who jointly employ him; contribute equally to his wages and to the maintenance of his equipment; have equal rights to the use of the equipment; and have equal control over him. *Hotel Equip. Co. v. Liddell*, 32 Ga. App. 590 (2) (124 SE 92) (1924). One may become a borrowed servant if the special master has complete control and direction of the servant for the occasion, has the exclusive right to discharge the servant, replace him, or put him to other work, and the general master has no control or direction of the servant for the occasion. *Flowers v. U. S. S. Agri-Chemicals*, 139 Ga. App. 430 (2) (228 SE2d 392) (1976).

On deposition, Herndon testified that McCullough asked Flowers to do some bulldozing work, and Flowers, Herndon's employee, sought and received Herndon's permission to do the work. Flowers was also deposed and testified that while he worked for Herndon, McCullough had asked him to do $200 worth of bulldozing for which McCullough would pay Herndon. McCullough showed Flowers what he wanted done and asked him to knock down the tree if time permitted. Flowers stated that McCullough gave him no specific instructions or directions; did not tell him when to do the work; exercised no con-

trol over him; and was not present when the tree fell.

In an affidavit filed in support of his motion for summary judgment, McCullough averred that he had asked Flowers, an experienced bulldozer operator, to use a bulldozer to deepen a water hole and to push a tree out of the way if time permitted. McCullough and Flowers agreed to a price of $200, payable to Herndon upon completion of the work. McCullough gave Flowers no instructions with regard to the method or manner he was to use to complete the task, and McCullough exercised no control over when or how Flowers did the work. McCullough was not present when Flowers chose to do the job and when the tree fell.

As noted by the trial court, it was undisputed that Flowers was regularly employed by Herndon. Since McCullough did not contribute equally with Herndon to Flowers' wages and equipment maintenance and did not have equal rights with Herndon to the use of the bulldozer (having had to attain Herndon's permission to use it), Flowers was not the joint servant of Herndon and McCullough. *Graham v. Cleveland*, 58 Ga. App. 810, 812 (200 SE 184) (1938); *Hotel Equip. v. Liddell*, supra. It is equally clear that Flowers was not a borrowed servant, for McCullough did not have complete control of Flowers while Flowers worked on his land, since he in no way directed the time, manner, or method Flowers was to use in accomplishing the task at hand. *Flowers v. U. S. S. Agri-Chemicals*, supra. Since, at the time of the injury, Flowers was not subject to McCullough's orders and control and was not liable to be discharged by him for misconduct or disobedience to orders, Flowers was not McCullough's servant. *Graham v. Cleveland*, supra. Compare *Bibb Mfg. Co. v. Souther*, 52 Ga. App. 722 (184 SE 421) (1935).

2. Rather than a servant, Flowers was more like an independent contractor, one who carried on an independent business and who contracted with McCullough to perform services, answerable only for the result and not under McCullough's control as to time, method, or manner of doing the work. See *St. Paul Cos. v. Capitol &c. Supply*, 158 Ga. App. 748 (282 SE2d 205) (1981). An employer may be responsible for the torts committed by an independent contractor if the work is wrongful in itself or, if done in the ordinary manner, would result in a nuisance; if the employer knows or should have known the work is inherently dangerous; if the act violates an express contractual or statutory duty of the employer; if the employer retains the right to control and direct the work and does so, creating a master-servant relationship; or if the employer ratifies the wrongful act. OCGA § 51-2-5. Since the uncontradicted evidence in this case negated those factors, it was not error to grant summary judgment in favor of McCullough.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 2, 1986 —
REHEARING DENIED OCTOBER 20, 1986

Richard D. Phillips, for appellant.
Reid A. Threlkeld, Paul W. Calhoun, Jr., for appellees.