S90A0792. HOFFMAN v. WELLS.
S90A0793. SOUTHWEST COMMUNITY HOSPITAL v. WELLS.
(397 SE2d 696)

SMITH, Presiding Justice.

This is an appeal from an action arising out of a surgical procedure performed on the wrong hand of the appellee, Flossie M. Wells. The jury returned a verdict in favor of the appellee, against the appellants, Joseph I. Hoffman, M.D. and Southwest Community Hospital (SWCH). Judgment was entered jointly against the appellants for $25,000 in compensatory damages and $62,500 in punitive damages, and against SWCH only for $5,000 in attorney fees. The appellants filed an appeal to the Court of Appeals which transferred the case to this Court in accordance with Article VI, Section V, Paragraph V of the Constitution of the State of Georgia, 1983.[1] We affirm as to Dr. Hoffman and reverse as to SWCH.

1. Dr. Hoffman enumerates as error the denial of his motion for a directed verdict as to his liability for punitive damages since there was no evidence of malice or wilful misconduct. However, recovery of punitive damages may be authorized where the circumstances of the tort show an entire want of care and an indifference to consequences. Wilful and intentional misconduct is not essential. *Hodges v. Effingham County Hosp. Auth.,* 182 Ga. App. 173 (355 SE2d 104) (1987). In this case there is sufficient evidence that the jury could have found that Dr. Hoffman's actions showed an entire want of care and an in-

---

[1] This constitutional paragraph provides, "In the event of an equal division of the Judges [of the Court of Appeals] when sitting as a body, the case shall be immediately transmitted to the Supreme Court." In this case one of the judges of the Court of Appeals was disqualified. The remaining eight judges were equally divided as to whether Dr. Hoffman should be granted a new trial on the issue of compensatory damages. Although Dr. Hoffman later withdrew this issue from the appeal, the case had already been properly transferred to this court.

difference to consequences. Evidence was presented that Dr. Hoffman's office recorded the wrong hand on Mrs. Wells' medical record on her first visit. Although Mrs. Wells visited him two more times before the surgery, and the doctor treated the affected hand, the error was never corrected. Furthermore the evidence showed that, prior to performing the surgery, Dr. Hoffman called his office and determined that the left hand was to be operated upon. However, after the surgery he was able to examine those same records and determine that he had operated on the wrong hand. From this the jury could have decided that Dr. Hoffman's actions showed such a lack of care as to rise to a conscious indifference to consequences. Accordingly, the trial court did not err by not directing a verdict in favor of Dr. Hoffman on the issue of punitive damages.

2. SWCH asserts as error the failure of the trial court to give the following charge to the jury:

> that a hospital is liable for the negligence of its technicians, nurses or other employees only in the performance of administrative or clerical duties which, though constituting a portion of the patient's prescribed medical treatment, do not require the application of specialized technique or the understanding of skilled physicians or surgeons. If an employee makes errors of professional judgment rather than errors of an administrative or clerical nature, the hospital is not liable for those acts.

This requested jury charge is not a correct statement of law and it was not error for the trial judge to refuse it. Nevertheless, SWCH is not liable because the determination to proceed with the surgery was a medical decision made by Dr. Hoffman in the operating room.

A hospital owes a duty of reasonable care to its patients and is liable for the injuries negligently inflicted upon its patients by the nurses and other employees of the hospital. *Piedmont Hosp. v. Anderson,* 65 Ga. App. 491, 492 (3) (16 SE2d 90) (1941). Ordinarily, where a salaried employee of the hospital commits a negligent act within the scope of his or her employment, the hospital is liable under the traditional principles of respondeat superior. One widely recognized exception to the doctrine of respondeat superior is the "borrowed servant" rule. If a master lends his servants to another then the master is not responsible for any negligence of the servant committed within the scope of his employment by the other. Since vicarious liability for the acts of servants depends upon the master's right of control over the acts of the servants, it is only logical that where employees are doing one job for two masters (in this case Dr. Hoffman and SWCH) both employers cannot have control over the actions

of the employee at the same time.[2] Although it is the degree of control that is crucial to vicarious liability and not the nature of the negligent act itself, the borrowed servant rule is applicable only in regard to tasks involving professional skill and judgment. "There is no transfer of liability for the negligence of an employee in the performance of clerical or administrative tasks not requiring the exercise of medical judgment even though these tasks are related to the treatment of the patient." *Ross v. Chatham County Hosp. Auth.*, 258 Ga. 234 (367 SE2d 793) (1988).

Here, the record shows that Dr. Hoffman was in control and exercised his professional judgment in deciding to operate on the appellee's left hand. Prior to the surgery, he was informed that both Mrs. Wells' admission chart and her consent form indicated that the surgery was to be performed on her right hand. The circulating nurse telephoned Dr. Hoffman's office and was told that the surgery was supposed to be performed on the left hand. Dr. Hoffman and the circulating nurse then palpated both of Mrs. Wells' hands. After calling his office to verify his own records, Dr. Hoffman returned to the operating room, ordered the circulating nurse to prepare Mrs. Wells' left hand for surgery, and subsequently performed the operation. Even if the nurse had disagreed, her opinion could not control. The decision to proceed was a medical decision made by Dr. Hoffman. Because Dr. Hoffman's determination was a medical judgment, whatever opinion the nurse held had to give way to the doctor's superior medical authority in the operating room.

3. Additionally, it was error for the trial court not to grant the hospital a directed verdict on the issue of punitive damages. There is no evidence which supports the award of punitive damages against the hospital under our rule of wilful or wanton acts, or conscious indifference to the consequences. See *Hodges*, supra. The record shows that the hospital staff originally prepared Mrs. Wells' right hand for surgery and were unaware of any discrepancy until Dr. Hoffman began examining her left hand. When the circulating nurse informed the doctor that Mrs. Wells had indicated her right hand as the one to be operated on, the doctor stated that he was sure that it was the left hand that was due surgery. The circulating nurse testified she then examined the medical records and that both Mrs. Wells' admission chart and consent form indicated that surgery was to be performed on

---

[2] There are instances, under Georgia law, where one may be the servant of two masters. Such a relationship arises where two masters employ a servant jointly, contribute equally to his wages and to the maintenance of his equipment, have equal rights to the use of the equipment, and have equal control over him. *Wilson v. McCullough*, 180 Ga. App. 579 (349 SE2d 751) (1986). Since none of these elements were present and the doctor had complete control and authority over medical decisions while in the operating room, this concept has no application here.

her right hand. However, when the nurse called the doctor's office she was told that Mrs. Wells' medical record indicated that surgery was due on the left hand. The nurse and Dr. Hoffman then both examined Mrs. Wells' hands. From these facts it is clear that the hospital employees did not act wilfully or wantonly. They carried out as complete an investigation as possible under the circumstances and because they did so, there was no showing of a conscious indifference to the consequences.

4. Finally, because there was a bona fide controversy as to whether the hospital's employees were negligent, the hospital, in defending itself, did not act in bad faith, was not stubbornly litigious, and cannot be said to have caused the appellee unnecessary trouble and expense. Therefore, the award of $5,000 in attorney fees against SWCH is reversed.

*Judgment affirmed in Case No. S90A0792, and reversed in Case No. S90A0793. All the Justices concur.*

DECIDED NOVEMBER 16, 1990 —
RECONSIDERATION DENIED DECEMBER 4, 1990.

Harmon, Owen, Saunders & Sweeney, H. Andrew Owen, Henry D. Green, Jr., Robert J. Higdon, Smith, Gambrell & Russell, Rosemary Smith, David M. Brown, Stephen M. Forte, Elizabeth S. Haley, for appellants.
*William Q. Bird, Jacqueline Bennett,* for appellee.