A93A0518. BELL v. STROH BREWERY COMPANY.
(434 SE2d 812)

BEASLEY, Presiding Judge.
Carol Breedlove rear-ended appellant Bell while driving a car owned by appellee Stroh Brewery Company which was provided to

---

[2] See an explanation of the distinction in *Emory Clinic v. Houston*, 258 Ga. 434, 435 (1), fn.1 (369 SE2d 913) (1988).

her for business and personal use. Bell sued Breedlove and Stroh to recover for personal injuries sustained in the accident. The claim against Stroh was premised on the theory of respondeat superior.

After discovery, Stroh moved for summary judgment on the ground that Breedlove was not acting within the scope of her employment at the time of the accident. The motion was granted, and this appeal by plaintiff Bell followed.

"The general rule of respondeat superior follows: When a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was at the time of the injury acting within the scope of his employment and on the business of the master. [Cits.] 'Where a vehicle is involved in a collision, and it is shown that the automobile is owned by a person, and that the operator of the vehicle is in the employment of that person, a presumption arises that the employee was in the scope of his employment at the time of the collision, and the burden is then on the defendant employer to show otherwise.' [Cits.] This must be done by clear, positive and uncontradicted evidence. [Cit.]" *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 777 (257 SE2d 186) (1979).

There is a question of fact with respect to whether Breedlove was within the scope of her employment when the collision occurred. It is not so clear-cut that the court can conclude as a matter of law that she was not.

Breedlove was a traveling five-state area sales manager for her employer. She had no particular work hours. Her workplace was not confined to any place. She used the company-leased car for both her employer's business and for her own personal travel. She reimbursed the company for her personal use of the car. With respect to the business, she used it to call on customers, to drive them in it occasionally, to take materials to them, and to go to the company offices. She went to the zone office at her discretion and was on her way there to do paperwork and make calls at the time of the collision. She was performing no personal errand en route. She did not pay for any of the damage to the vehicle after the collision.

The activity in which Breedlove was engaged when the collision occurred was not personal. Whether it was within the scope of her employment, as it would be if she were traveling to a customer, is not foreclosed by the evidence any more than it was in *Chappell v. Junior Achievement &c.*, 157 Ga. App. 41 (276 SE2d 98) (1981). Under the arrangements between her employer and Breedlove, she was on a solely business-related trip. There being evidence that the incident occurred while the employee Breedlove was engaged in pursuing the employer's business, see *Southern Grocery Stores v. Herring*, 63 Ga. App. 267, 270 (11 SE2d 57) (1940), the question should be left to the jury. See also the dissent in *Fred A. York, Inc. v. Moss*, 176 Ga. App.

350, 352 (335 SE2d 618) (1985).

The evidence and all inferences and conclusions arising therefrom must be construed most favorably toward plaintiff as the party opposing the motion for summary judgment. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988).

*Judgment reversed. Pope, C. J., McMurray, P. J., Birdsong, P. J., Blackburn and Smith, JJ., concur. Cooper and Andrews, JJ., dissent. Johnson, J., not participating.*

COOPER, Judge, dissenting.

I respectfully dissent as the undisputed evidence demonstrates that Breedlove was not acting within the scope of her employment at the time of the accident.

The uncontroverted evidence shows that on the morning of the accident, Breedlove was driving to appellee's zone office to do paperwork and make phone calls. She averred in her affidavit that she was permitted to use appellee's car for business and personal reasons; that on the morning of the accident, she was traveling between her home and appellee's zone office; and that she did not call upon any clients or conduct any business for appellee prior to the accident. Appellee also submitted the affidavit of Joseph Franzem, Senior Vice President of Sales and Administration for appellee, who stated that Breedlove worked at the zone office to which she was headed on the morning of the accident; that she was not compensated for time spent traveling to and from work; that as an employee of appellee, she was not considered to be acting within the scope of her employment when she was traveling to and from work; that after the accident, she did not call on any customers on the way to the zone office; that if Breedlove were traveling to or from a customer, she would be considered to be "on the job"; and that on the day in question, she was on her way to work but her work activities had not begun. " 'As a general rule, a servant in going to and from his work, even in a company car, acts only for his own purposes and not for those of his employer, and consequently the employer is not to be held liable for an injury occasioned while the servant is en route to or from his work.' [Cit.]" (Citations and punctuation omitted.) *Viau v. Fred Dean, Inc.*, 203 Ga. App. 801, 802-803 (2) (418 SE2d 604) (1992). At the time of the collision, appellee had not yet begun "any tasks within 'the scope of [her] employment and (was) . . . on a purely personal venture. The additional (fact) that [she] kept the vehicle 24 hours a day . . . (is) at most (an) inconclusive (inference) which did not contradict the direct evidence. . . .' [Cit.]" Id.; *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776 (257 SE2d 186) (1979). The majority's contention that Breedlove's workplace was not confined to any place is belied by the positive and uncontradicted statement of Franzem that Breedlove worked

at the zone office, the evidence that 20 percent of Breedlove's work did not involve traveling and the fact that Breedlove was not on a sales trip when the accident occurred but was on her way to the office from her home to do paperwork and make phone calls.

Thus, the trial court did not err in granting appellee's motion for summary judgment.

DECIDED JULY 16, 1993 —
RECONSIDERATION DENIED JULY 30, 1993 — 

*Rand & Ezor, Kenneth Behrman,* for appellant.
*Long, Weinberg, Ansley & Wheeler, Quinton S. Seay, J. Kenneth Moorman,* for appellee.