A94A0812. MARSH v. CRAWFORD LONG HOSPITAL OF EMORY UNIVERSITY et al.
(444 SE2d 357)

BLACKBURN, Judge.

Gay I. Marsh appeals the trial court's order granting Crawford Long Hospital of Emory University's (Crawford Long) motion for summary judgment. Marsh brought this action sounding in professional negligence and fraud against Dr. John Bostwick and appellee Crawford Long. In her complaint, Marsh alleged that she requested

and consented to an abdominal liposuction; however, Dr. Bostwick performed an abdominoplasty, a more invasive surgery which left a scar across her entire abdomen and that Dr. Bostwick and Crawford Long conspired to keep her from discovering their alleged mistake.

The patient history nursing assessment form, filled out upon Marsh's admission to the hospital, indicated that she was scheduled for bilateral mastectomy and liposuction. The intraoperative record indicated that the operative procedure to be performed was an abdominoplasty and a bilateral mastectomy. The intraoperative record also contained a checklist for the "verification of procedure/location; _____ verbal; _____ consent form; _____ sterilization permit." This section of the intraoperative record was not completed. Furthermore, Marsh maintains that she signed a "consent to surgery" form on which she hand wrote her consent for liposuction as the consent form listed only the bilateral mastectomy procedure. No such consent form is contained in the record. The consent form contained in the record reflects that Marsh consented to a bilateral mastectomy and an abdominoplasty. Marsh deposed that this consent form was presented to her after the surgery and that she was told to sign it by the doctor's assistant.

1. On appeal, Marsh contends that the trial court erred in granting Crawford Long's motion for summary judgment "by apparently determining the Hospital's nurses had no duty as to Gay I. Marsh and that such responsibility fell on the shoulders of Dr. Bostwick."

Marsh's experts and several nurses from Crawford Long deposed that a patient's chart should be cross-referenced to determine that the appropriate procedure is being performed. Marsh alleges that Crawford Long failed to discover the discrepancies in the documents contained in her chart with respect to the procedure to be performed. Crawford Long argues that the doctor is in charge of the operating room and that the hospital's nursing staff is not responsible for mistakes made by the doctor regarding what procedure is performed citing *Hoffman v. Wells*, 260 Ga. 588 (397 SE2d 696) (1990).

In *Hoffman*, the Georgia Supreme Court determined that the hospital employees were not responsible for the plaintiff's injuries which resulted from the doctor's performance of a surgical procedure on the wrong hand. The Supreme Court relied on the fact that the determination to proceed with the surgery was a medical decision made by the doctor in the operating room. Furthermore, the nursing staff informed the doctor that the patient's admissions chart and consent form indicated that the surgery was scheduled to be performed on the patient's right hand. The doctor nevertheless performed the surgery on the left hand. The court noted that "[a] hospital owes a duty of reasonable care to its patients and is liable for the injuries negligently inflicted upon its patients by the nurses and other em-

ployees of the hospital. [Cit.]" Id. at 589.

"[A] hospital is *not* an insurer of patient safety and negligence chargeable to the institution must be proven; as a general rule, a private hospital is under a duty to exercise such *reasonable care* in looking after and protecting patients as the patient's condition, as known to the hospital through its agents and servants charged with the duty of looking after and supervising the patient may require. . . ." *Deese v. Carroll City County Hosp.*, 203 Ga. App. 148, 149 (416 SE2d 127) (1992).

In the present case, Dr. Bostwick made the medical determination for an abdominoplasty. However, Crawford Long's nursing staff never discussed with Marsh or Dr. Bostwick the discrepancies in Marsh's records with regard to what procedure was to be performed. Our Supreme Court has determined that " '[t]here is no transfer of liability [to the doctor] for the negligence of an employee in the performance of clerical or administrative tasks not requiring the exercise of medical judgment even though these tasks are related to the treatment of the patient.' [Cit.]" *Hoffman*, supra at 590. Therefore, the trial court erred in determining that the hospital owed no duty to Marsh and it is for the jury to determine whether Crawford Long breached its duty of reasonable care.

2. Crawford Long contends that Marsh failed to appeal the trial court's grant of its motion for summary judgment with respect to Marsh's claims for fraud and conspiracy. We agree. Marsh's enumeration of error specifically addressed the trial court's determination with regard to her negligence claim. In her brief, Marsh attempts to argue that her fraud claim should have survived Crawford Long's motion. However, this issue was not enumerated as error and we are without authority to consider it. *Robertson v. U-Haul Co. of Western Ga.*, 208 Ga. App. 222 (1) (430 SE2d 113) (1993).

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MAY 4, 1994 —
RECONSIDERATION DENIED MAY 23, 1994 —

*Simmons & Toliver, A. Leroy Toliver, Joseph H. King, Jr.*, for appellant.

*Allen & Peters, Hunter S. Allen, Jr., Long, Weinberg, Ansley & Wheeler, J. M. Hudgins IV, Stephen H. Sparwath*, for appellees.