34974. SOUTHERN GAS CORPORATION *v.* COWAN.
34975. BOWMAN *v.* COWAN.

DECIDED MARCH 17, 1954—REHEARING DENIED MARCH 31, 1954.

*Marshall, Greene, Baird & Neely, Burt DeRieux,* for plaintiffs in error.

*Walter E. Baker, Jr.,* contra.

FELTON, C. J. ■ It is contended that the evidence did not authorize the findings that Bowman was an employee of South-

ern Gas Corporation, and that at the time of the collision he was within the scope of his employment. The contention is without merit. Where an automobile is involved in a collision, and it is shown that the automobile is owned by a person, and that the operator of the automobile is in the employment of that person, a presumption arises that the employee was in the scope of his employment at the time of the collision, and the burden is then on the defendant employer to show that at the time of the collision such operator was not within the scope of his employment. *Dawson Motor Co. v. Petty,* 53 *Ga. App.* 746, 749 (186 S. E. 877). "The basis for the presumption is that it is in general an easy matter to prove the ownership of a car that inflicts an injury, but that whether the car was at the time of the injury being operated in the prosecution of the defendant's business is a matter peculiarly within the knowledge of the defendant, and one on which it is at times exceedingly difficult for the plaintiff to obtain proof. Therefore, if this presumption is to serve its purpose, in order to overcome it as a matter of law the evidence of the defendant should be clear, positive, and uncontradicted that the servant was not at the time in the prosecution of his master's business or acting within the scope of his employment." *Abelman v. Ormond,* 53 *Ga. App.* 753, 761 (187 S. E. 393). The evidence did not rebut the presumption in the present case. The defendant Bowman testified: that at the time of the collision he worked for Southern Gas Corporation as a salesman and serviceman; that he worked solely on a commission basis; that the company did not tell him how, when, or where to make his calls on his prospects; that he could make calls at any time during the day or night in his own discretion; that the company provided him with an automobile for use in his work; that he had the power and authority to use the automobile for his own personal needs, as well, and he kept the automobile at home over night; that the company furnished and paid for the automobile expense in addition to his commission; that he got paid only when he made a sale, and not unless he did; that on the day of the collision with Mr. Cowan he had finished his last call about 5:30 p. m., and had not performed any services for Southern Gas Corporation from that time until the time of the collision, which was about 7:30 or 8 p. m.; that he did not intend to make any

more calls that night or to do any more work for Southern Gas until the next morning, but was on call for company business and would have, had he been called out; that at the time of the collision he was going toward Decatur on his way home.

We think that the evidence authorized the finding that the defendant Bowman was subject to the direction and control of the company, and was thus its employee; and that at the time of the collision he was within the scope of his employment. The defendant was on call at all hours of the night and kept the company automobile to attend to this business. Therefore, the defendant Bowman did not keep the company automobile at his home merely for his own accommodation and convenience. To the extent that he was subject to call at all hours and had the automobile there to use in case he was so called, the keeping of the automobile at his home was in furtherance of his employment duties. Bowman testified that he had finished his last call about 5:30 p. m., and that the collision occurred at about 7:30 or 8:00 p. m. Bowman's driving of the company's automobile from the place of his last call to his home where he would keep it subject to using it on company business in the event he was called out by the company was within the scope of his employment. *Davies* v. *Hearn*, 45 *Ga. App.* 276 (164 S. E. 273); *Bailey* v. *Murray*, 88 *Ga. App.* 491, 496 (77 S. E. 2d 103). There was no evidence that between 5:30 p. m. and the time of the collision Bowman so detoured or deviated as would take him out of the scope of his employment. We do not mean to say that, after Bowman once arrived at his home then on any subsequent trip and return home for his personal convenience or pleasure he would be within the scope of his employment. What we have said pertains only to the initial taking of the automobile to his home where it would be kept subject to company call and to his return home after making such a call.

The cases of *Stenger* v. *Mitchell*, 70 *Ga. App.* 563 (28 S. E. 2d 885), and *Fambro* v. *Sparks*, 86 *Ga. App.* 726 (72 S. E. 2d 473), are distinguishable from the instant case. In those cases an employee kept a demonstration automobile for business and pleasure. He did not keep the car at home subject to being called out at any hour on the employer's business as in the present case. He could make calls at any time he desired, and when he was

actually in the process of selling a car, regardless of the hour, he was within the scope of his employment. However, when the employee was at the time of the collision attending to a matter purely personal, he was not on his master's business. In the *Stenger* case the employee was en route to a cafe to eat supper when the collision occurred. The fact that later in the evening he was to make a business call did not render his trip to the cafe within the scope of his employment. In the *Fambro* case, while the evidence showed that the employee had earlier "talked business" with someone, it further showed that at the time of the collision he was on a purely personal venture.

■ On direct examination, the plaintiff stated that the defendant Bowman was in a drunken condition at the time of the collision. Counsel for the defendants moved for a mistrial on the grounds, "that there was no charge of intoxication in the petition, on the grounds that defendants had not been put on notice that they would have to defend against a charge of intoxication," and on the ground that "the evidence was so prejudicial and damaging that defendants did not believe that they could overcome the prejudice thus planted in the jury's minds and did not believe that they could have a fair trial." The court denied the defendants' motion, and instructed the jury to disregard any reference by the plaintiff to any intoxication of Bowman, and instructed the plaintiff to make no further reference to any such intoxication. Shortly thereafter, the plaintiff again stated that Bowman was in a drunken condition; whereupon the defendants' counsel moved for a mistrial on the same grounds as hereinbefore stated. The court denied the motion, instructed the jury to disregard any reference to drunkenness on the part of Bowman, and instructed the plaintiff that, if he again mentioned anything about Bowman's being drunk, the court would hold him in contempt. One of the special grounds of the amended motion for new trial complains of these rulings. The court erred in denying the second motion for a mistrial. Assuming but not deciding that the first occurrence was rendered harmless by the court's instruction to the jury to disregard the testimony concerning drunkenness, we do not believe that such instruction after the second occurrence had that effect. There was no allegation of drunkenness in the petition. Contrary to the plaintiff's contention,

he could not have introduced over objection evidence of Bowman's drunkenness under the allegation that he did not have the automobile under control. Operating an automobile in a drunken condition is forbidden by the laws of this State, and if drunkenness on the part of an operator is relied on to establish negligence on his part in the operation of an automobile, such must be alleged specifically before evidence of that fact can be introduced over objection. A party is not allowed to prove, over objection, matters not put in issue by pleading. See cases cited in 17 Georgia Digest 576, § 380. The court erred in overruling the second motion to declare a mistrial.

It is not necessary to consider the other assignments of error.

The court erred in denying the amended motions for a new trial.

*Judgments reversed. Quillian and Nichols, JJ., concur.*