63602. EVANS et al. v. DIXIE FASTENERS, INC. et al.

BANKE, Judge.

In this action for wrongful death, defendant Ray Howell is accused of negligence in operating a motor vehicle, and defendant Dixie Fasteners, Inc., Howell's employer at the time the accident occurred, is charged with liability based on the doctrine of *respondeat superior.* The trial court granted Dixie Fasteners' motion for summary judgment, concluding that "the uncontroverted evidence in this case is that Howell was at the time of the collision engaged in a purely personal mission and was not attempting to further defendant Dixie's business in any manner." The plaintiff appeals.

The decedent died after her automobile collided with a van being driven by Howell. Howell utilized this van to deliver merchandise to Dixie Fasteners' customers, and the plaintiff contends that the vehicle was owned by Dixie Fasteners. If true, this would create a presumption that Howell was acting within the scope of his employment when the collision occurred. See *West Point Pepperell, Inc. v. Knowles,* 132 Ga. App. 253, 255 (208 SE2d 17) (1974).

Howell testified in his deposition that on the afternoon prior to the collision, he had left the Dixie Fasteners warehouse around 5:00 p.m., after having two drinks of apple brandy, and had driven the van to the American Legion. After picking up two friends, he then proceeded to a "beer joint," where the group shot pool and drank beer until 8:00 or 8:30 p.m. He returned to the American Legion around 9:00 or 9:30 p.m. and remained there playing cards until about 11:30 p.m. He then drove one of his friends home and was proceeding home himself when the collision occurred at about 12:45 a.m. *Held:*

1. Regardless of whether Dixie Fasteners was the owner of the

vehicle, it is clear from Howell's uncontradicted account of the events leading up to the collision that he was not acting within the scope of his employment at the time the collision occurred. Accord, *Allen Kane's Major Dodge v. Barnes,* 243 Ga. 776, 777 (257 SE2d 186) (1979). We cannot accept the plaintiff's contention that a contrary inference arises from Howell's statement that if his boss had ever called him at home and asked him to "go see someone," which his boss never had done, he would have gone. Even assuming *arguendo* that this could be interpreted as evidence that Howell was on call 24 hours a day to make hardware deliveries, it does not constitute evidence that he was in the service of his employer when this collision occurred. See *Allen Kane's Major Dodge v. Barnes,* supra, at 781.

2. The plaintiff further contends on appeal, for the first time, that there is a fact issue as to whether Dixie Fasteners was negligent in allowing Howell to drink alcoholic beverages at work and thereafter to drive the van. As the plaintiff did not advance these contentions in the trial court, either in the pleadings or in opposition to Dixie's motion for summary judgment, they provide no basis for reversal.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 8, 1982.

*Miles L. Gammage,* for appellants.
*William C. Lanham, Timothy Pape, Thomas A. Carlock, J. Clinton Sumner, Jr., David P. Daniel, William E. Davidson,* for appellees.