## 65373. SHORT v. MILLER et al.

SOGNIER, Judge.
Short sued Miller and Miller's employer, Nixdorf Computer Corporation (Nixdorf), for personal injuries resulting from a collision with a car owned and driven by Miller. Short's claim for relief against Nixdorf was based upon a theory of respondeat superior. The trial court granted Nixdorf's motion for summary judgment and denied Short's motion for partial summary judgment against Nixdorf. Short appeals.

Appellant contends that the trial court erred in denying his motion for partial summary judgment and in granting Nixdorf's motion because the evidence established that Miller was on or about his employer's business when he collided with appellant. We do not agree.

"The general rule of respondeat superior follows: When a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was at the time of the

injury acting within the scope of his employment and on the business of the master. [Cits.]" *Allen Kane's Major Dodge v. Barnes,* 243 Ga. 776, 777 (257 SE2d 186) (1979). The collision occurred at approximately 2:00 a.m. on a Saturday morning after Miller had left from home to go "for a ride" with a friend, "going nowhere in particular . . .," and was turning around to go back home. Appellant relies heavily upon the fact that at the time of the accident, Miller was subject to 24-hour call by Nixdorf, where he worked as a computer technician. While Miller's regular hours were 8:30 a.m. to 5:00 p.m., Monday through Friday, he was on standby for emergency service calls throughout the entire 7-day week during which the accident occurred. Miller's pay for this week included an additional four hours at the overtime rate, which was the standard compensation for the inconvenience of being on standby. Standby employees were not required to check in or to leave word as to where they could be reached, but they were provided with beepers. Evidence was undisputed that Miller took no calls and performed no service for his employer on the weekend of the accident.

In *Southern Gas Corp. v. Cowan,* 89 Ga. App. 810 (81 SE2d 488) (1954) and other cases relied upon by appellant to assert that Miller was acting within the scope of his employment, the employees in question were operating vehicles owned by their employers. In such cases, a presumption arises that an employee involved in a collision while operating his employer's vehicle is acting within the scope of his employment. *Collins v. Everidge,* 161 Ga. App. 708 (289 SE2d 804) (1982). Such presumption does not arise in the instant case. Further, the mere fact that Miller was on call "does not constitute evidence that he was in the service of his employer when this collision occurred." *Evans v. Dixie Fasteners,* 162 Ga. App. 74 (1), 75 (290 SE2d 172) (1982). Appellant has produced no evidence that Miller had received or was responding to any call to duty immediately prior to or at the time of the collision, or that he was in the performance of any duty as such employee at the time and place of the collision. See *Chattanooga Pub. Co. v. Fulton,* 215 Ga. 880, 883 (114 SE2d 138) (1960). See also *Collins,* supra at 709. There being no genuine issue of fact as to whether Miller was acting within the scope of his employment or on the business of his employer, the trial court did not err in granting summary judgment in favor of Nixdorf and in denying appellant's motion for partial summary judgment. See *Evans,* supra; *Collins,* supra. See generally *Elam v. Ins. Co. of North America,* 134 Ga. App. 169 (213 SE2d 546) (1975); *Stewart v. Roberts,* 132 Ga. App. 700 (209 SE2d 119) (1974); *Westinghouse Elec. Corp. v. Scott,* 132 Ga. App. 245, 247 (207 SE2d 705) (1974).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED APRIL 11, 1983.

*Barry A. Karp,* for appellant.
*G. Michael Banick, Glenn Frick,* for appellees.