67072. JOHNSTOWN FINANCIAL CORPORATION v. ROPER.

CARLEY, Judge.

Plaintiff-appellee's husband died from injuries he sustained when his automobile was struck by a truck which was being operated by Tommy Reeves. Mr. Reeves was employed at the time as a maintenance man for appellant-defendant Johnstown Financial Corporation d/b/a Johnstown Properties. Appellee brought suit against both Mr. Reeves and appellant, seeking to hold the latter vicariously liable for her husband's death under the doctrine of respondeat superior. Appellant's motion for summary judgment was denied but the trial court certified its order for immediate review. Appellant's application for an interlocutory appeal to this court was granted.

"The general rule of respondeat superior follows: When a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was at the time of the injury acting within the scope of his employment and on the business of the master. [Cits.] 'Where a vehicle is involved in a collision, and it is shown that the automobile is owned by a person, and that the operator of the vehicle is in the employment of that person, a presumption arises that the employee was in the scope of his employment at the time of the collision, and the burden is then on the defendant employer to show otherwise.' [Cits.] This must be done by clear, positive and uncontradicted evidence. [Cit.]" *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 777 (257 SE2d 186) (1979). "[T]he following is an appropriate test to determine when a plaintiff in this kind of case gets by a defendant's motion for summary judgment: When the uncontradicted testimony of the defendant and/or the employee shows

that the employee was not acting within the scope of his employment at the time of the accident, the plaintiff must show, in addition to the facts which give rise to the presumption that he was in the course of his employment, some other fact which indicates the employee was acting within the scope of his employment. If this 'other fact' is *direct* evidence, that is sufficient for the case to go to a jury. However, when the 'other fact' is *circumstantial* evidence, it must be evidence sufficient to support a verdict in order to withstand the defendant's motion for summary judgment." (Emphasis in original.) *Allen Kane's Major Dodge v. Barnes*, supra at 780.

The evidence in the instant case shows the following: On weekends, Mr. Reeves was on 24-hour call to perform emergency repairs on appellant's properties and carried a "beeper," or radio pager, so that he could be contacted for this purpose. He did not receive compensation merely for being on call, but was paid only for work that he actually performed, calculated from the time he was paged for a job until the time that he completed it. Thus, he was paid for going to a job but not for returning from it. The truck that Mr. Reeves used was owned by him, not by appellant. Appellant paid Mr. Reeves $75.00 per month as an oil and gas allowance to reimburse him for the use of his car when engaged in its business. On the morning of the Saturday that the fatal collision occurred, Mr. Reeves was summoned to perform an emergency repair job. Approximately 45 minutes before the collision, Mr. Reeves completed the assignment. At the time the collision actually occurred, Mr. Reeves was driving his truck across town to pay a visit to his father. Although during the period between leaving his assignment and the collision Mr. Reeves was not actively performing any assignment for appellant and had no pending assignment, he was carrying his "beeper" and, had he been paged, he would have responded immediately.

Under this evidence, no initial presumption ever arose that Mr. Reeves was in the scope of appellant's employ at the time of the collision. As discussed in *Allen Kane's Major Dodge v. Barnes*, supra, such a presumption arises if the employee is operating a vehicle *owned* by his employer. In the instant case, the truck that Mr. Reeves was driving was his own vehicle, not one which had been furnished to him by appellant. The fact that appellant paid Mr. Reeves $75.00 per month as an oil and gas allowance does not bring the instant case with the holdings of those decisions which involve employer-furnished vehicles. See generally Foremost Dairies, Inc. v. Godwin, 26 S2d 773 (Fla. 1946). See also Annot., Employer's Liability For Negligence of Employee In Driving His Own Car, 52 ALR2d 350 (1957). Payment of $75.00 per month to Mr. Reeves for furnishing his own truck simply constituted a method of reimbursing him for the use of his own car in the pursuit of his employment by appellant. Mr. Reeves was not al-

ways "on call" and it would be illogical to consider the oil and gas allowance as having been provided to maintain the truck when Mr. Reeves was using it for his personal business. Compare *IBM v. Bozardt*, 156 Ga. App. 794 (275 SE2d 376) (1980), wherein the employer did actually "furnish" the vehicle because it paid the entire fee for renting it. We need not decide the question of whether or not the initial "scope of employment" presumption might yet arise in a case in which the degree and extent to which an employer reimburses the expense of using and maintaining an employee-owned vehicle exceeds that evidenced in the case at bar. All we decide in the instant case is that, under the evidence presented here, the presumption does not arise as the result of appellant's payment of the $75.00 per month oil and gas allowance to Mr. Reeves.

"In *Southern Gas Corp. v. Cowan*, 89 Ga. App. 810 (81 SE2d 488) (1954) and other cases relied upon by [appellee] to assert that [Mr. Reeves] was acting within the scope of his employment, the employees in question were operating vehicles owned by their employers. In such cases, a presumption arises that an employee involved in a collision while operating his employer's vehicle is acting within the scope of his employment. [Cit.] Such presumption does not arise in the instant case." *Short v. Miller*, 166 Ga. App. 265, 266 (304 SE2d 434) (1983). Because the initial presumption that Mr. Reeves was in the scope of his employment never arose, we need not decide in the instant case the question of whether, in the face of evidence to the contrary, the fact that an employee is "on call 24 hours a day" might not be a sufficient "other fact" under *Allen Kane's Major Dodge*, supra, so as to withstand an employer's motion for summary judgment. See *Evans v. Dixie Fasteners*, 162 Ga. App. 74 (290 SE2d 172) (1982).

The presumption never arose in the instant case that, at the time of the collision between the vehicle operated by appellee's deceased and Mr. Reeves' truck, the latter was in the scope of his employment with appellant. The uncontroverted evidence clearly shows the personal, nonemployment-related nature of the mission upon which Mr. Reeves was embarked at the time of the collision. The trial court erred in denying appellant's motion for summary judgment. *Short v. Miller*, supra.

*Judgment reversed. Quillian, P. J., Shulman, P. J., Birdsong, Sognier and Pope, JJ., concur. McMurray, C. J., Deen, P. J., and Banke, J., dissent.*

DECIDED MARCH 16, 1984 —
REHEARING DENIED MARCH 30, 1984 —

*Rex D. Smith*, for appellant.

*Clifford Oxford, Thomas S. Carlock, Stuart W. Snow, Stanley P. Meyerson,* for appellee.

BANKE, Judge, dissenting.

I believe the employee's ownership of the vehicle is a "red herring" under the facts of this case and is not controlling on the issue of whether his employer is entitled to summary judgment. The test set forth in *Allen Kane's Major Dodge v. Barnes,* 243 Ga. 776 (257 SE2d 186) (1979), to determine whether the plaintiff's evidence is sufficient to withstand a defendant-employer's motion for summary judgment on the question of respondeat superior liability applies only "[w]hen the uncontradicted testimony of the defendant and/or the employee shows that the employee was not acting within the scope of his employment at the time of the accident . . ." Id. at 777.

The employee in this case testified that he was on 24-hour call to perform emergency repairs at the time the accident occurred. He further stated that he had been summoned to make about five such emergency repairs during the 48-hour period prior to the collision, including one which lasted from 11 o'clock at night until 4 o'clock the next morning, thus allowing him only a few hours sleep before reporting back to work. On the morning the collision occurred, he was summoned on the beeper at 8:30 a.m. to perform a repair which he completed at about 11:30 a.m. As he was driving to visit his father approximately 45 minutes later, he fell asleep at the wheel and "rear-ended" the decedent's vehicle, which was stopped at a red light. Reeves testified that he was still on call at this time, that he was carrying with him in his truck all the tools which he used to perform his maintenance work, and that he would have responded immediately had he been paged again on the beeper.

Clearly, this testimony does not establish as a matter of law that Reeves' alleged negligence occurred entirely outside the scope of his employment. Compare *Allen Kane's Major Dodge v. Barnes,* supra (where the employee testified that he had been "barhopping" when the collision occurred); *Evans v. Dixie Fasteners,* 162 Ga. App. 74 (290 SE2d 172) (1983) (where the employee testified that he was returning home from an evening of drinking beer, shooting pool, and playing cards with his friends); and *Short v. Miller,* 166 Ga. App. 265 (304 SE2d 434) (1983) (where the employee was riding around aimlessly with a friend at 2:00 a.m.). I would hold that a fact issue remains as to whether Reeves was in the service of his employer, and I would therefore affirm the denial of the appellant's motion for summary judgment.

I am authorized to state that Chief Judge McMurray and Presiding Judge Deen join in this dissent.