A04A0219. UPSHAW v. ROBERTS TIMBER COMPANY, INC.
(596 SE2d 679)

BLACKBURN, Presiding Judge.

Amanda Dawn Upshaw appeals an order granting summary judgment to Roberts Timber Company, Inc. ("Roberts Timber"), contending that the trial court erred in finding that Roberts Timber was not liable under the doctrines of respondeat superior and negligent entrustment for the injuries Upshaw sustained in an automobile accident. For the reasons stated below, we affirm.

> On appeal from a grant of summary judgment, we conduct a de novo review, and we view the evidence and the inferences drawn from it in the light most favorable to the nonmoving party. A defendant demonstrates entitlement to summary judgment by showing that the record lacks evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case. The defendant does not need to affirmatively disprove the plaintiff's case, but may prevail simply by pointing to the lack of evidence. If the defendant does so, the plaintiff cannot rest on his pleadings, but must point to specific evidence that gives rise to a triable issue of fact.

(Footnotes omitted.) *O'Connell v. Cora Bett Thomas Realty.*[1]

---

[1] *O'Connell v. Cora Bett Thomas Realty*, 254 Ga. App. 311 (563 SE2d 167) (2002).

Viewed in this light, the evidence shows that on December 24, 1999, Hubert Solomon, Jr., an employee of Roberts Timber, was driving a truck provided to him by his employer. It is undisputed that, at that time, Solomon was returning home from a personal visit with his sister and brother-in-law. While making a left turn at an intersection, Solomon's truck collided with a car driven by Upshaw.

1. Upshaw contends that Roberts Timber is liable for the injuries she sustained in the accident under the doctrine of respondeat superior. We do not agree.

"When a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was at the time of the injury acting within the scope of his employment and on the business of the master." *Allen Kane's Major Dodge v. Barnes.*[2] "Where a vehicle owned by a person and driven by his employee is involved in a collision, a presumption arises that the employee was in the scope of his employment at the time and the employer has the burden to show otherwise." *Melton v. Gilleland & Sons.*[3] "This presumption may be overcome by uncontradicted evidence." Id.

> When the uncontradicted testimony of the defendant and/or the employee shows that the employee was not acting within the scope of his employment at the time of the accident, the plaintiff must show, in addition to the facts which give rise to the presumption that he was in the course of his employment, some other fact which indicates the employee was acting within the scope of his employment. If this "other fact" is *direct* evidence, that is sufficient for the case to go to a jury. However, when the "other fact" is *circumstantial* evidence, it must be evidence sufficient to support a verdict in order to withstand the defendant's motion for summary judgment.

*Allen Kane's,* supra at 780.

In support of its motion for summary judgment, Roberts Timber submitted affidavits from Solomon and from Mark Roberts, its president. Both affidavits stated that Solomon was not acting within the course and scope of his employment with Roberts Timber at the time of the accident. Both Solomon's affidavit and his deposition testimony show that his trip to visit his sister and brother-in-law was personal in nature. This uncontradicted evidence was sufficient to rebut the

---

[2] *Allen Kane's Major Dodge v. Barnes,* 243 Ga. 776, 777 (257 SE2d 186) (1979).
[3] *Melton v. Gilleland & Sons,* 176 Ga. App. 390, 391 (2) (336 SE2d 315) (1985).

presumption that Solomon was acting within the scope of his employment at the time of the accident. The burden thus shifted to Upshaw to show some other fact which indicated that Solomon was acting within the scope of his employment at the time of the accident. See *Allen Kane's*, supra.

Upshaw contends that Solomon was "on call" at the time of the accident, and that this fact is sufficient to create a jury question as to whether Solomon was acting in the scope of his employment at the time of the accident. There is conflicting evidence as to whether Solomon was "on call" at the time of the accident. However, construing the evidence in the light most favorable to Upshaw and assuming that Solomon was "on call" does not create a jury issue. "[T]he mere fact that [Solomon] was on call 'does not constitute evidence that he was in the service of his employer when this collision occurred.'" *Short v. Miller.*[4] See also *Evans v. Dixie Fasteners;*[5] *Healthdyne, Inc. v. Odom.*[6]

A dispute concerning such an immaterial fact will not prevent summary judgment. *Eakin v. Meighen.*[7]

Upshaw did not produce any other evidence to support her contention that Solomon was acting within the scope of his employment at the time of the accident. The trial court did not err in granting summary judgment to Roberts Timber on Upshaw's claims under the doctrine of respondeat superior.

2. Upshaw also contends that the trial court erred in granting summary judgment to Roberts Timber on her claims for negligent entrustment. We do not agree.

"Liability for negligent entrustment is predicated upon 'a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless.'" *Trent v. Franco.*[8]

> It is not sufficient, however, for a plaintiff to show constructive knowledge, i.e., that the entrustor should have known the person being entrusted was not competent. . . . The entrustor is not liable merely because he or she, by the exercise of reasonable care and diligence, could have ascertained the fact of the incompetency of the driver.

---

[4] *Short v. Miller*, 166 Ga. App. 265, 266 (304 SE2d 434) (1983).
[5] *Evans v. Dixie Fasteners*, 162 Ga. App. 74 (290 SE2d 172) (1982).
[6] *Healthdyne, Inc. v. Odom*, 173 Ga. App. 184 (325 SE2d 847) (1984).
[7] *Eakin v. Meighen*, 228 Ga. App. 190, 192 (491 SE2d 402) (1997).
[8] *Trent v. Franco*, 253 Ga. App. 104, 109 (2) (558 SE2d 66) (2001).

(Punctuation omitted.) *Carolina Cable Contractors v. Hattaway.*[9] "[L]iability cannot be premised on the party's failure to inquire about the driver's competence. . . . Georgia law does not impose a duty upon the owner of an automobile to make an investigation of the competency of one who drives the automobile to discover his driving record." *Smith v. Tommy Roberts Trucking Co.*[10] The entrustor's denial of having knowledge that the driver was incompetent or habitually reckless shifts the burden to the plaintiff to set forth specific facts showing a genuine fact issue. *Carolina Cable,* supra at 414. The plaintiff carries this burden by pointing out "evidence of actual knowledge of a pattern of [reckless driving] or facts from which such knowledge could be reasonably inferred in order to preserve the issue for jury determination." (Punctuation omitted.) Id. at 416.

In support of its motion for summary judgment, Roberts Timber submitted the affidavit of its president, Mark Roberts, who denied that the company had any knowledge that Solomon was not a safe driver. In his deposition, Mr. Roberts denied any knowledge of Solomon's driving record and stated that Roberts Timber does not investigate its employees' driving records. Mr. Roberts also stated that Roberts Timber's insurance company "runs an MVR on all our employees before we hire them and does one every year." Mr. Roberts stated that Roberts Timber never sees the motor vehicle reports on its employees. This evidence placed the burden on Upshaw to produce specific evidence to show Roberts Timber had actual knowledge that Solomon was an unsafe driver. See *O'Connell,* supra.

Relying on Mr. Roberts' deposition testimony, Upshaw argues that the insurance company pulled Solomon's motor vehicle report and obtained knowledge of his driving record. Upshaw contends that the insurance company was acting as agent for Roberts Timber and that its knowledge must be imputed to Roberts Timber. Thus, Upshaw contends, knowledge "that Solomon had a record as an unsafe driver" must be imputed to Roberts Timber.

Upshaw's argument is flawed. There is no evidence in the record to show when, if ever, Roberts Timber's insurance company obtained a motor vehicle report on Solomon. There is no evidence as to what information a motor vehicle report on Solomon would contain. The only evidence in the record concerning Solomon's driving record is the statement in Solomon's affidavit that he received a speeding ticket in approximately 1983 and his deposition testimony that he had received "a speeding ticket a couple of times way back and DUI about

[9] *Carolina Cable Contractors v. Hattaway,* 226 Ga. App. 413, 415 (487 SE2d 53) (1997).
[10] *Smith v. Tommy Roberts Trucking Co.,* 209 Ga. App. 826, 828 (3) (435 SE2d 54) (1993).

in '70, DUI I think in '76 that was." Upshaw had the burden to demonstrate that Solomon had "a pattern of reckless driving." *Saunders v. Vikers.*[11] See also *Cotton v. Toole.*[12] The evidence here, which showed a speeding ticket sixteen years prior to the accident, a DUI twenty-three years prior to the accident, and one other speeding ticket does not demonstrate a pattern of reckless driving. See *Marques v. Ross*[13] (two tickets in a ten-year period does not constitute a pattern); *Spencer v. Gary Howard Enterprises*[14] (fact that driver was cited for DUI more than ten years before accident at issue does not create jury question). The trial court did not err in granting summary judgment to Roberts Timber on Upshaw's negligent entrustment claim.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED MARCH 5, 2004.

*Dozier & Sikes, Lester Z. Dozier, Jr.,* for appellant.
*Miller, Cowart, Cates & Howe, Craig N. Cowart, Joel A. Howe,* for appellee.

[11] *Saunders v. Vikers,* 116 Ga. App. 733, 736 (7) (158 SE2d 324) (1967).
[12] *Cotton v. Toole,* 183 Ga. App. 547, 548-549 (2) (359 SE2d 368) (1987).
[13] *Marques v. Ross,* 105 Ga. App. 133, 138-139 (123 SE2d 412) (1961).
[14] *Spencer v. Gary Howard Enterprises,* 256 Ga. App. 599, 601-602 (3) (568 SE2d 763) (2002), overruled on other grounds, *TGM Ashley Lakes, Inc. v. Jennings,* 264 Ga. App. 456, 462 (1) (590 SE2d 807) (2003).
[1] The jury awarded a total of $115,000, which included $88,835 claimed in actual damages and $26,165 in OCGA § 13-6-11 costs and attorney fees.