## A09A0874. HICKS v. HEARD et al.
(678 SE2d 145)

BLACKBURN, Presiding Judge.

In this personal injury action, Bonnie Hicks sued Jessica Heard and Mark Heard Fuel Company (the "Company") for injuries she sustained as a result of an automobile accident. Hicks appeals an order granting summary judgment to the Company, contending that the trial court erred in finding that the Company was not liable under the theories of vicarious liability and negligent entrustment. For the reasons set forth below, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c); *Britt v. Kelly & Picerne, Inc.*[1] "On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant." *McCaskill v. Carillo*.[2]

So construed, the evidence shows that Samuel Heard is the vice president and co-owner of the Company and that Jessica Heard is his daughter. In 2004, Jessica was employed part-time by the Company to perform clerical work on an "as needed" basis. For her personal and work-related use, Jessica drove a sport utility vehicle, which was owned at the time by the Company. Around noon on July 13, 2004, Jessica was driving home from school when she collided into the rear-end of a vehicle, which had stopped behind some other vehicles that were waiting to turn left. The vehicle that Jessica hit subse-

[6] *Minter v. Leary*, 181 Ga. App. 801 (2) (354 SE2d 185) (1987).
[7] *Nelson v. Miller*, 169 Ga. App. 403, 405 (312 SE2d 867) (1984).
[1] *Britt v. Kelly & Picerne, Inc.*, 258 Ga. App. 843 (575 SE2d 732) (2002).
[2] *McCaskill v. Carillo*, 263 Ga. App. 890 (589 SE2d 582) (2003).

quently collided into the back of Hicks's vehicle.

Hicks sued Jessica Heard and the Company,[3] alleging that she suffered injuries as a result of Jessica's negligence and alleging that the Company was liable for Jessica's negligence on the grounds of vicarious liability and negligent entrustment of a vehicle. At the close of discovery, the Company filed a motion for summary judgment, which the trial court granted. This appeal followed.

1. Hicks contends that the trial court erred in granting summary judgment on her vicarious liability claim, arguing that there were issues of material fact as to whether Jessica Heard was acting within the scope of her employment at the time of the accident. We disagree.

"When a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was at the time of the injury acting within the scope of his employment and on the business of the master." *Allen Kane's Major Dodge, Inc. v. Barnes*.[4] "Where a vehicle owned by a person and driven by his employee is involved in a collision, a presumption arises that the employee was in the scope of his employment at the time and the employer has the burden to show otherwise. This presumption may be overcome by uncontradicted evidence." (Citation, punctuation and footnote omitted.) *Upshaw v. Roberts Timber Co.*[5] See *Allen Kane's*, supra, 243 Ga. at 777. Furthermore,

> [w]hen the uncontradicted testimony of the defendant and/or the employee shows that the employee was not acting within the scope of his employment at the time of the accident, the plaintiff must show, in addition to the facts which give rise to the presumption that he was in the course of his employment, some other fact which indicates the employee was acting within the scope of his employment. If this "other fact" is *direct* evidence, that is sufficient for the case to go to a jury. However, when the "other fact" is *circumstantial* evidence, it must be evidence sufficient to support a verdict in order to withstand the defendant's motion for summary judgment.

(Emphasis in original.) *Allen Kane's*, supra, 243 Ga. at 780. See *Upshaw*, supra, 266 Ga. App. at 136 (1).

In this matter, Jessica Heard testified during her deposition that she was not acting within the course and scope of her employment with the Company at the time of the accident but was driving back

---

[3] Initially, Hicks also sued Samuel Heard but later dismissed him.

[4] *Allen Kane's Major Dodge, Inc. v. Barnes*, 243 Ga. 776, 777 (257 SE2d 186) (1979).

[5] *Upshaw v. Roberts Timber Co.*, 266 Ga. App. 135, 136 (1) (596 SE2d 679) (2004).

home after finishing an exam at school. Samuel Heard also testified that Jessica was not performing any work for the Company on the day of the accident and further stated that she had not worked for the Company at all that month because of her school schedule. This uncontradicted evidence was sufficient to rebut the presumption that Jessica was acting within the scope of her employment at the time of the accident. Consequently, the burden shifted to Hicks to show some other fact that demonstrated that Jessica was acting within the scope of her employment. See *Allen Kane's*, supra, 243 Ga. at 780; *Upshaw*, supra, 266 Ga. App. at 136-137 (1).

Hicks argues that because Jessica's employment with the Company was described as "on call" and "as needed," a jury question existed as to whether she was acting within the scope of her employment at the time of the accident. However, this Court has repeatedly held that "[t]he mere fact that [an employee] was on call does not constitute evidence that he was in the service of his employer when [the] collision occurred." (Punctuation omitted.) *Upshaw*, supra, 266 Ga. App. at 137 (1). See *Hankerson v. Hammett*;[6] *Healthdyne, Inc. v. Odom*;[7] *Short v. Miller*;[8] *Evans v. Dixie Fasteners, Inc.*[9] Given that Hicks did not produce any other evidence to support her contention that Jessica was acting within the scope of her employment at the time of the accident, the trial court did not err in granting summary judgment to the Company on Hicks's vicarious liability claim. See *Hankerson*, supra, 285 Ga. App. at 612-613 (1); *Upshaw*, supra, 266 Ga. App. at 137 (1).

2. Hicks also contends that the trial court erred in granting summary judgment on her negligent entrustment claim, arguing that there were material issues of fact as to whether the Company was aware that Jessica Heard had a pattern of reckless driving. We disagree.

"Liability for negligent entrustment is predicated upon a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless." (Punctuation omitted.) *Trent v. Franco*.[10] Here, there was evidence that in the two years prior to the accident with Hicks, Samuel Heard (Jessica's father and co-owner of the Company) was aware that Jessica had received a citation for speeding and that she had been involved in a minor accident, for which she had received a citation for failure to yield. However, these facts are not sufficient to

---

[6] *Hankerson v. Hammett*, 285 Ga. App. 610, 612-613 (1) (647 SE2d 319) (2007).

[7] *Healthdyne, Inc. v. Odom*, 173 Ga. App. 184, 184-185 (1) (325 SE2d 847) (1984).

[8] *Short v. Miller*, 166 Ga. App. 265, 266 (304 SE2d 434) (1983).

[9] *Evans v. Dixie Fasteners, Inc.*, 162 Ga. App. 74, 75 (1) (290 SE2d 172) (1982).

[10] *Trent v. Franco*, 253 Ga. App. 104, 109 (2) (558 SE2d 66) (2001).

establish Jessica's incompetence or a pattern of reckless driving. See *Danforth v. Bulman*;[11] *Upshaw*, supra, 266 Ga. App. at 139 (2). Accordingly, the trial court did not err in granting summary judgment on Hicks's negligent entrustment claim.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED MAY 5, 2009 ▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

*Steven K. Leibel*, for appellant.

*Anderson, Tate & Carr, Render C. Freeman, Michael J. Blakely, Jr., Shur, McDuffie, Williams & Morgan, Jeffrey P. Yashinsky*, for appellees.

