## A09A1222. WILLIAMS v. BAKER COUNTY.

(684 SE2d 321)

MIKELL, Judge.

Leola D. Williams appeals the trial court's order granting defendant Baker County's motion for summary judgment in her civil tort action for damages incurred when the vehicle she was driving was struck by a vehicle driven by William H. Land, an employee of the County. For the reasons set forth below, we affirm the judgment of the trial court.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine

issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.[1]

Once the moving party meets this burden, the nonmoving party may not rest on its pleadings, but must instead come forth with evidence establishing a triable issue.[2] On appellate review of a ruling granting summary judgment, we review the evidence de novo to determine whether the trial court erred in concluding that no genuine issue of material fact remains and that the moving party was entitled to judgment as a matter of law.[3]

Viewed in the light most favorable to Williams as the nonmoving party, the record reveals that at approximately 2:40 p.m. on February 8, 2006, the car that Williams was driving was struck by a vehicle owned and driven by Land. Seeking damages for personal injuries and medical expenses incurred in the automobile accident, as well as punitive damages, attorney fees, and costs, Williams brought the underlying action for negligence against Land and, based on theories of respondeat superior and negligent hiring, against the County.

At the time of the accident, Land was employed by the County as a maintenance worker and was on the County payroll from 9:00 a.m. to 5:00 p.m. daily. He carried a radio phone, provided by the County, so that Evelyn Phillips, the County manager, could keep in touch with him during working hours. If Land needed a vehicle to conduct County business, he would obtain the keys to a County vehicle from Phillips or her assistant; he was not expected to conduct County business using his own vehicle. Land and an employee of the City of Newton, Tommy D. Williams, Jr. ("Tommy"), routinely worked together in a "shared arrangement," sometimes on County work, sometimes on City work, with their time split about 50/50 between County and City work. Phillips, whose duties involved managing the day-to-day operations of the County, testified by deposition that she initially proposed the shared arrangement whereby Tommy and Land worked together on City and County projects; that this collaboration was acceptable to the County; and that Land was

---

[1] (Citation omitted; emphasis in original.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[2] Id.

[3] See *Youngblood v. Gwinnett Rockdale Newton Community Svc. Bd.*, 273 Ga. 715, 717-718 (4) (545 SE2d 875) (2001).

authorized to repair and service City equipment while he was working for the County. According to Phillips, Land worked under Tommy's supervision. In his deposition, Tommy testified that the collaborative effort benefitted both the City and the County.

Normally, Land would take his lunch hour from 12:00 to 1:00 p.m. each day, using his personal vehicle to go to and from his regular restaurant; from 1:00 to 2:00 p.m., Tommy would take his lunch hour and Land would be on duty, using the City truck. The City leased storage space from a local hardware store, and Land and Tommy had made it their usual practice to meet there at the end of Tommy's lunch hour, in order to discuss the afternoon's work.

On the day of the accident, Land met Tommy at the hardware store at 2:00 p.m., as usual, and both men drove back to City Hall, with Tommy in one vehicle and Land following in his own privately-owned vehicle. The two men were going to City Hall to get into a City vehicle and begin the afternoon's work. It was while Land was driving back to City Hall that the collision occurred which gave rise to this lawsuit. Land admitted that the accident was his fault.

Land's testimony was conflicting concerning whether he was returning from a late lunch hour when the collision occurred or whether he had taken his lunch hour at his usual earlier time. According to Phillips's testimony, Land was expected under County policy to take his lunch hour from 12:00 to 1:00 p.m., unless he asked prior permission to have lunch at another time. Phillips testified that on the day of the accident, Land had missed his usual lunch hour because he had driven in a County vehicle to pick up a tractor part for the County in Albany, at Phillips's request. Therefore, that day, when Land returned from Albany, Phillips gave Land permission to take a late lunch starting a little before 2:00 p.m.

Williams filed her lawsuit against Land and the County on January 30, 2008. Subsequently, on October 8, 2008, Williams settled her claim with Land and his liability insurer for $25,000 and executed a limited release (the "Release") pursuant to OCGA § 33-24-41.1.[4] The Release stated that it was a full and final release of

---

[4] OCGA § 33-24-41.1 provides, in pertinent part:

(a) In any instance where a claim arising out of a motor vehicle accident is covered by two or more insurance carriers, one such carrier may tender, and the claimant may accept, the limits of such policy. . . . Such claimant or claimants may execute a limited release applicable to the settling carrier and its insured based on injuries to such claimants. . . .

(d) The limited release of the settling carrier provided for in subsection (a) of this Code section shall not: (1) Bar a claimant's recovery against any other tort-feasor or under any other policy of insurance or release any other insurance carrier providing applicable coverage unless specifically provided for in such release. . . .

Land's insurer; that it was a full and final release of claims against Land's personal, noninsurance assets; and that it was a limited release to the extent Land had other insurance coverage available to cover Williams's claims.

The County sought summary judgment, which the trial court granted. The trial court based its ruling on four grounds: (1) under OCGA § 36-92-3 (d),[5] the Release executed by Williams operated as a "complete bar" to her claims against the County; (2) Williams's claims against the County were barred by sovereign immunity, which was not waived in this case; (3) the County was not vicariously liable for Land's negligence, because at the time of the accident, Land was driving his personal vehicle to City Hall and there was no evidence that Land was acting within the scope of the County's business at that time; and (4) the County was not vicariously liable, because Land was a "borrowed servant" of the City at the time the accident occurred. Williams appeals from this order.

1. Without citing authority, Williams argues that the trial court erred in ruling that the doctrine of respondeat superior does not apply in this case to impose vicarious liability on the County for Land's negligence. We disagree.

"When a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was *at the time of the injury* acting within the scope of his employment and on the business of the master."[6] Under Georgia law, "[w]hen a vehicle involved in a collision is *owned by an employer* and operated by an employee, a presumption arises that the employee was acting in the scope of his employment at the time of the collision."[7] Where this presumption arises, "the burden then shifts to the employer to rebut the presumption by evidence that is clear, positive and uncontradicted and that shows the servant was not in the scope of his employment."[8] In the case at bar, however, the evidence is undisputed that when the collision occurred, Land was driving his own

---

[5] OCGA § 36-92-3 (d) provides:
Subject to the provisions contained in Code Sections 51-1-32 through 51-1-34 [providing for separate causes of action for personal injury and for property damage in motor vehicle negligence actions], a . . . settlement on a claim brought pursuant to this chapter constitutes a complete bar to any further action by the claimant against . . . the local government entity by reason of the same occurrence.

[6] (Citations omitted; emphasis supplied.) *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 777 (257 SE2d 186) (1979). See OCGA § 51-2-2 ("Every person shall be liable for torts committed by . . . his servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily").

[7] (Footnote omitted; emphasis supplied.) *Hankerson v. Hammett*, 285 Ga. App. 610, 612 (1) (647 SE2d 319) (2007). Accord *Allen Kane's Major Dodge*, supra.

[8] (Citations and punctuation omitted.) *Gordy Constr. Co. v. Stewart*, 216 Ga. App. 882-883 (456 SE2d 245) (1995) (whole court). Accord *Hankerson*, supra.

personal vehicle, not one furnished to him by the County. Thus, no initial presumption ever arose that Land was acting within the scope of the County's employment at the time of the collision.[9]

In this case, the collision occurred while Land was following a City employee back to City Hall to take up the afternoon's work. In the absence of evidence that the County directed Land to drive his own vehicle from the hardware store to City Hall, the doctrine of respondeat superior cannot be applied to impose vicarious liability on the County for the collision with Williams's vehicle.[10]

Williams argues that the fact that Land was being paid by the County when the collision occurred, and the fact that Land was "on call" for the County, suffice to raise a jury issue as to whether Land was acting within the scope of the County's employment when the collision occurred. We disagree. "The test is not that the act of the servant was done during the existence of the employment, but whether the servant was at that time serving the master."[11] And "this Court has repeatedly held that the mere fact that an employee was on call does not constitute evidence that he was in the service of his employer when the collision occurred."[12]

2. Because our conclusion in Division 1 is dispositive of Williams's claims against the County, we need not enter into the thicket raised by Williams's other enumerated errors concerning whether Williams's claims against the County are barred by the application of sovereign immunity or by the Release entered into between Land and Williams.

---

[9] See *Johnstown Financial Corp. v. Roper*, 170 Ga. App. 575, 576 (317 SE2d 634) (1984) (whole court). Accord *Gassaway v. Precon Corp.*, 280 Ga. App. 351, 355 (634 SE2d 153) (2006).

[10] See *Chorey, Taylor & Feil v. Clark*, 273 Ga. 143, 144-145 (539 SE2d 139) (2000) (summary judgment for employer appropriate where evidence did not show that employee was acting in furtherance of employer's business at time of collision).

[11] (Citation, punctuation and emphasis omitted.) *Curtis, Inc. v. Kelley*, 167 Ga. App. 118, 119 (305 SE2d 828) (1983). Accord *Aubrey Silvey Enterprises v. Bohannon*, 182 Ga. App. 738, 739 (356 SE2d 693) (1987) (no jury question as to scope of employment even if employee, driving his own truck, was engaged in "joint" business and personal mission, but was conducting personal business when collision occurred).

[12] (Punctuation omitted.) *Hicks v. Heard*, 297 Ga. App. 689, 691 (1) (678 SE2d 145) (2009) (summary judgment for employer affirmed where "on call" employee was driving back home after finishing exam at school), citing *Hankerson*, supra at 612-613 (1) ("on call" employee was driving employer's truck home after visiting bar and being arrested for DUI); *Upshaw v. Roberts Timber Co.*, 266 Ga. App. 135, 137 (1) (596 SE2d 679) (2004) ("on call" employee, driving employer's truck, was returning from visiting relatives); *Healthdyne, Inc. v. Odom*, 173 Ga. App. 184-185 (1) (325 SE2d 847) (1984) (whole court) (employer not liable where collision occurred when employee was on his way home from evening business meeting at restaurant); *Short v. Miller*, 166 Ga. App. 265, 266 (304 SE2d 434) (1983) (no evidence that "on call" employee was responding to any call to duty or was in performance of any duty to employer when collision occurred while employee was driving aimlessly around on Saturday night); *Evans v. Dixie Fasteners*, 162 Ga. App. 74, 75 (1) (290 SE2d 172) (1982) ("on call" employee was driving home after playing cards with friends).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 22, 2009.

*Spurlin & Spurlin, John C. Spurlin*, for appellant.
*Thomas Q. Langstaff*, for appellee.