BARNES, Presiding Judge.
This appeal addresses the question whether, pursuant to OCGA § 51-12-33 (c) of Georgia’s apportionment statute, a defendant may ask a jury to determine that a nonparty plaintiff’s employer shares a percentage of the fault for the plaintiff’s injuries because the employer negligently entrusted the plaintiff with one of its vehicles. Granting partial summary judgment to the plaintiff, the trial court answered this question in the negative. Because under the facts of this case the actions of the plaintiff’s employer did not “contribute” to the plaintiff’s alleged injury or damages, OCGA § 51-12-33 (c) is not applicable, and we therefore affirm.
Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant. Home Builders Assn. of Savannah v. Chatham County, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).
The record reflects that on October 9, 2009, Daniel Prickett and Imelda Zaldivar collided at an intersection controlled by a traffic light. Both Prickett and Zaldivar were injured, and Zaldivar was taken from the scene to a hospital in an ambulance. Prickett sued Zaldivar on September 13, 2011, seeking to recover for personal *360 injuries,[1] and she was served on September 22, 2011. On October 21, 2011, Zaldivar filed an answer to Prickett’s complaint, claiming as affirmative defenses that the complaint failed to state a claim for relief; process and service of process was insufficient; jurisdiction was improper; venue was improper; and the action was barred by the statute of limitation. Zaldivar did not file a counterclaim against Prickett, despite having been injured in the collision.
In discovery, Prickett claimed he was clearing the intersection by turning left after the light turned red; Zaldivar claimed that Prickett turned left in front of her as she entered the intersection on a yellow light. The evidence is undisputed that Prickett was driving a company car on his way to a sales call.
Zaldivar filed a “Notice of Fault of Non-Part/’ pursuant to OCGA § 51-12-33 (d) (l),[2] asserting that Prickett’s employer, OverheadDoor Company, was wholly or partially at fault by negligently entrusting the vehicle to Prickett despite having received three anonymous calls from people complaining about how Prickett had been driving. Based on this reasoning, Zaldivar requested that, in accordance with OCGA § 51-12-33 (c), the trier of fact be permitted to consider the fault of Overhead Door when assessing percentages of fault for the accident that caused Prickett’s injuries.
Prickett moved for partial summary judgment on Zaldivar’s affirmative defense of nonparty fault, which the trial court granted. The trial court held:
Overhead Door cannot be liable to Mr. Prickett for injuries he sustained that may have been caused by the negligence of [Zaldivar] or Mr. Prickett’s own negligence, as Overhead Door was not in breach of any legal duty owed to Mr. Prickett, nor was it the proximate cause of his injuries under the facts of this case.
Accordingly, the trial court concluded that Zaldivar would not be permitted to have the jury consider the alleged fault of Overhead Door when assessing fault for the accident that caused Prickett’s injuries under OCGA § 51-12-33 (c).
*361 Zaldivar now appeals the trial court’s ruling, contending that OCGA § 51-12-33 (c) would authorize a jury to assess a percentage of fault against Overhead Door for the accident based on a negligent entrustment theory. We are unpersuaded.
“When interpreting a statute, we are required to consider the statute as a whole and look for the intent of the legislature. When a statute contains clear and unambiguous language, such language will be given its plain meaning and will be applied accordingly.” (Citation omitted.) Marino v. Clary Lakes Homeowners Assn., 322 Ga. App. 839, 844 (2) (747 SE2d 31) (2013). With these principles in mind, we turn to the language of Georgia’s apportionment statute, OCGA § 51-12-33.
Subsection (a) of the apportionment statute provides that the plaintiff’s damages shall be reduced according to his or her own percentage of fault for the injury or damages he or she sustained:
Where an action is brought against one or more persons for injury to person or property and the plaintiff is to some degree responsible for the injury or damages claimed, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall determine the percentage of fault of the plaintiff and the judge shall reduce the amount of damages otherwise awarded to the plaintiff in proportion to his or her percentage of fault.
OCGA § 51-12-33(a).Inturn,subsection(c)allowsadefendanttoask a jury to determine whether some other person or entity shared fault for the plaintiff’s injuries even though that other person or entity is not a named party. OCGA § 51-12-33 (c). Specifically, that subsection provides: “In assessing percentages of fault, the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit.” (Emphasis supplied.) OCGA § 51-12-33 (c).
Based on the plain language of the apportionment statute, “fault” cannot be assessed to a nonparty under OCGA § 51-12-33 (c) unless he or she “contributed” to the plaintiff’s alleged injury or damages. Even if the facts supported Zaldivar’s theory that Overhead Door negligently entrusted its truck to Prickett, the question is whether the negligent entrustment contributed to Prickett’s alleged injury or damages. Applying basic principles of tort law, the answer is no.
A nonparty’s negligent act cannot be said to have “contributed” to a plaintiff’s injury or damages unless there is a causal connection between them. See Black’s Law Dictionary (6th ed. 1990) (noting that *362 the term “contribute” when “applied to negligence signifies [the] causal connection between [the] injury and [the] negligence____”). See also Merriam-Webster’s Online Dictionary, http://www.merriamwebster.com/dictionary/contribute (defining “contribute” as “to help to cause something to happen”). In the context of negligent entrustment as alleged in this case, however, that causal connection has been broken because the act of entrusting the truck to Prickett did not contribute to his injuries.
“Liability for negligent entrustment is predicated upon a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless.” (Citation and punctuation omitted.) Hicks v. Heard, 297 Ga. App. 689, 691 (2) (678 SE2d 145) (2009). Generally, however, negligent entrustment claims brought by or on behalf of an injured driver against the person who supplied that driver with a vehicle are disallowed, because the driver’s own negligence breaks the causal connection between the entrustor’s negligent act and the driver’s injury. See, e.g., Ridgeway v. Whisman, 210 Ga. App. 169, 170 (435 SE2d 624) (1993).
Thus, under these peculiar facts, despite the defendant’s creative argument to the contrary, even if Prickett himself were determined to be negligent and partially responsible for his own injuries, his own negligence would break the causal connection between any negligent act of his employer Overhead Door in entrusting a vehicle to him and the injury that Prickett sustained. As such, any negligence by Overhead Door in entrusting the vehicle to Prickett cannot be said to have “contributed” to his injuries or damages, and thus OCGA § 51-12-33 (c) simply has no application.
In reaching this conclusion, we note that Zaldivar’s reliance on the Supreme Court’s analysis of “fault” in Couch v. Red Roof Inns, 291 Ga. 359, 359-366 (1) (729 SE2d 378) (2012), is misplaced. In that case, the Supreme Court addressed whether OCGA § 51-12-33 applies to nonparty tortfeasors whose conduct was intentional rather than negligent, and in that context the Court considered liability and responsibility to conclude that “fault,” as used in the apportionment statute, included intentional conduct. Couch, 291 Ga. at 363 (1). The Supreme Court’s definition of “fault” should not be read more broadly than that.
Furthermore, the Supreme Court pointed out in Couch, 291 Ga. at 364 (1), “that statutes [such as OCGA § 51-12-33 that are] in derogation of the common law must be limited strictly to the meaning of the language employed, and not extended beyond the plain and explicit terms of the statute.” (Citation and punctuation omitted.) *363 The Supreme Court went on to conclude that the inclusion of intentional torts within the meaning of “fault” required “no extension beyond [the] ‘plain and explicit terms’ ” of OCGA § 51-12-33. Id. In contrast to the situation in Couch, inclusion of a plaintiff’s employer as a nonparty against whom fault could be assessed under the theory of negligent entrustment would be an extension beyond the plain and explicit terms of OCGA § 51-12-33 (c), which expressly applies only to those who “contributed” to the plaintiff’s alleged injury or damages.
For these combined reasons, we conclude that OCGA § 51-12-33 (c) does not permit the defendant in a motor vehicle personal injury case to include the plaintiff’s employer as a nonparty against whom fault can be assessed under the theory of negligent entrustment. The trial court therefore did not err in granting partial summary judgment to Prickett on this issue.

Judgment affirmed.

Ellington, P. J., Doyle, P. J., Miller and Boggs, JJ., concur. Dillard, J., concurs in judgment only. Branch, J., dissents.

 Prickett’s wife, Mary Prickett, sued for loss of consortium. For ease of reference, we will refer to the plaintiffs throughout this opinion as “Prickett.”

 “Negligence or fault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty or if a defending party gives notice not later than 120 days prior to the date of trial that a nonparty was wholly or partially at fault.” OCGA § 51-12-33 (d) (1).